Isidro Gonzales v. The State.

No. 12754.   Delivered December 4, 1929.

The opinion states the case.

*Leonard Brown* and *C. J. Matthews* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for life.

Appellant shot and killed Felipe Torres. The testimony of the state was in substance as follows: Deceased was within about four feet of a road when appellant drove up in an automobile. Appellant shot deceased without provocation while deceased had his back toward him. After deceased was shot, he turned and ran toward appellant's car with his ax in his hand. As deceased approached the car, appellant shot him again. Whereupon deceased threw the ax at the car, striking the windshield. After throwing the ax at the car, deceased ran behind the car, where he fell to the ground. Appellant got out of the car, and, walking toward deceased, shot him again. One Refugio Martinez, a brother-in-law of deceased, appeared on the scene and tried to lift deceased from the ground. Appellant fired upon Martinez who ran away. Appellant's version of the transaction was substantially as follows: Appellant was traveling with his wife and small children to the home of his wife's sister. Martinez, who was standing on the left side of the road, signaled him to stop. Deceased was standing on the other side of the road in a stooped position, with both hands extending down by the side of his right leg. Appellant stopped his car. Whereupon deceased raised his ax and threw it against the windshield. As deceased raised the ax to throw it into the car, appellant shot him. He also shot at Martinez. Appellant testified that he and deceased had had a difficulty a short while prior to the homicide; that deceased had gone to his house, cursed him and had drawn a gun on him; that he took the gun away from deceased; that deceased threatened to kill him. Appellant carried deceased's gun to one Adolph Rittleman, who testified that he delivered the gun to deceased. Mr. Rittleman further testified that appellant appeared to have been in a difficulty when he delivered the gun to him.

The court charged the jury as follows:

"You are charged that if the defendant, acting upon a reasonable apprehension of danger, used greater force, if any, than was reasonably necessary under the circumstances, and acted without malice aforethought, as that term has been heretofore defined, upon reasonable apprehension of serious bodily injury, when he killed deceased, if he did, in such case the killing would not be with malice aforethought, and if you so find, or if you have a reasonable doubt thereof, you are instructed that you cannot in such case assess a greater punishment, if any, than five years in the penitentiary."

Appellant timely and properly objected to this charge. If the state's testimony was to be believed, appellant was not justified in using any force. If appellant's version of the transaction was to be accepted, Martinez was in front of his car menacing him with a pistol, while deceased approached from his left and attacked him with an ax. In short, as we understand the record, the force used by appellant was either wholly justified or was used without provocation. The charge was erroneous. It contains an intimation that excessive force was used. Appellant's testimony raised the issue of self-defense and the court charged the jury that appellant had the right to shoot deceased if he believed, viewed from his standpoint, that deceased was about to inflict death or serious bodily injury upon him (appellant) or his family. We think the charge in question might probably be considered by the jury as a limitation upon appellant's right of self-defense.

Concerning threats, the court charged the jury as follows:

"7. If you believe from the evidence that the defendant shot and killed said Felipe Torres, and that prior to said killing, if any, that the deceased, Felipe Torres, had threatened to take the life of the defendant, and the defendant heard him make said threat, such threats of themselves would not afford justification for the killing, unless, at the time of the homicide, it reasonably appeared to the defendant, viewed from his standpoint at the time, that the deceased, by some act then done, or some act being done, by him, manifested an immediate intention to execute said threat, and if you so find, you are instructed that the defendant had the right to kill the deceased and if you so find, you find the defendant 'Not Guilty.' "

This charge was timely and properly excepted to. The charge as given required the jury to believe the defensive theory before they could acquit appellant, and nowhere in connection therewith applied the doctrine of reasonable doubt. Garcia v. State, 275 S. W. 1005, and authorities cited.

Appellant offered as a witness his daughter who was nine years old. Upon examination by the court she testified that she would be punished if she told a story, but said she did not know who would punish her or how she would be punished. She further said she did not know what it meant to swear. Touching the transaction resulting in the homicide she gave testimony in the absence of the jury supporting her father's theory of self-defense.

The rule is that children, who after being examined by the court, appear not to possess sufficient intellect to relate transactions with

respect to which they are interrogated, or who do not understand the obligation of an oath, are incompetent as witnesses. Branch's Annotated Penal Code of Texas, section 1771. In the section last cited, Mr. Branch makes the following statement:

"The fact that a child's testimony is intelligently given and that it believes that it is wrong to lie seems to command its competency more than its knowledge of an obligation of an oath or its idea of where liars go now or hereafter."

While the admission of a child's testimony is properly within the sound discretion of the trial court, where the abuse of such discretion is apparent the action of the trial court thereon will be revised on appeal. Branch, supra, and authorities cited. Here the witness said, in effect, that it was wrong to lie and that one who did not tell the truth would be punished. Her testimony touching the transaction with respect to which she was interrogated was intelligently given. We are driven to the conclusion that she should have been permitted to testify.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.