## G. L. Huey v. The State.

No. 20972. Delivered April 24, 1940.

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for four years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Lum Fleming by shooting him with a gun.

According to the testimony of the State, appellant killed deceased without provocation. It was appellant's version, as shown in his testimony, that he acted in self-defense.

In applying the law of self-defense to the facts, the court instructed the jury as follows:

"Now, if you believe from the evidence, that at the time the defendant shot and killed the deceased, if he did, from some words then spoken or some act or demonstration then made, or from some words then spoken coupled with some act or demonstration then made on the part of the deceased, it reasonably appeared to the defendant that the deceased was about to make an attack upon him and that it reasonably appeared to the defendant, viewed from his standpoint at the time, with all the facts and circumstances within his knowledge, that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased, at that time, and that the defendant shot and killed the deceased under a reasonable apprehension or fear of death, or serious bodily injury, then you will find the defendant not guilty."

This charge was timely and properly excepted to on the ground that nowhere in connection therewith was the doctrine of reasonable doubt applied. In failing to respond to the exception the trial court fell into reversible error. It is manifest that the charge as given required the jury to believe the defensive theory before they could acquit appellant, and nowhere in connection therewith applied the doctrine of reasonable doubt. See Gonzales v. State, 22 S. W. (2d) 674, and authorities cited.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.