## JOSE ROCHA v. THE STATE.

No. 23067. Delivered March 21, 1945.

The opinion states the case.

*Nye H. Clark,* of Lockhart, and *M. C. Gonzales,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is death.

At the trial appellant entered a plea of guilty. However, the State, in compliance with Art. 502, C. C. P., introduced evidence in support of the allegations in the indictment. The record disclosed that on the 15th day of August, 1944, the prosecutrix, accompanied by her grandmother, visited at the home of appellant. On that day appellant's wife sent her little nine-year-old daughter and the prosecutrix to town for some meat and cabbage. After they had obtained these provisions, the children started back home. On their way home they met the appellant who requested them to go to the ice house for some ice. The children told him that they did not know where the ice house was, whereupon he asked them to follow him, which they did. He led them beyond the town into a pasture and there under some brush he ravished the prosecutrix. As a result of the act the child's private parts were badly torn and lacerated, so much so that when the children, while on their way back home, reached a point near the jail, the prosecutrix became too weak to go any further by reason of loss of blood. Romey Miller, who lived near the jail, noticed the prosecutrix lying under a tree at the corner of Will Clark's yard. He noticed that she was bloody from the waist down to her shoes. He called the city marshall who took her to the hospital, where she told him who was the cause of her condition. Appellant was arrested soon thereafter. He took

the officers to the place in the pasture where he had committed the offense and showed them where he had left his underwear and had covered them with leaves. The underwear had some blood on it. The doctor who treated the prosecutrix described her condition in unequivocal language. The grandmother testified that the prosecutrix was eleven years of age at the time of the commission of the alleged offense.

The foregoing brief statement of the facts proven on the trial is deemed sufficient for a better understanding of the questions to be hereinafter discussed.

Appellant's first complaint relates to the court's action in permitting the prosecutrix to testify. He contended that she was not a competent witness because she did not understand the nature of her oath. Thereupon the court tested her knowledge concerning her qualifications as a witness. She testified: "I will tell the truth. I understand that I am supposed to tell the truth, and I understand that I just swore that I would tell the truth. As to what will happen to me in court if I don't tell the truth, I don't know. At home when I tell grandmother a story she spanks me. It is wrong to tell a story in court. I am going to tell the truth here. I know it is wrong to tell a story."

In 44 Tex. Jur. p. 1009, sec. 55, the rule is stated as follows: "The competency of a child as a witness is ordinarily a question of fact to be determined by the court and not by the jury."

In the case of Hennington v. State, 101 Tex. Cr. R. 12, this court said: "The age of the prosecutrix, so far as the record shows, and her general demeanor were such as prima facie made her a competent witness, and the burden of showing incompetency was upon the appellant. * * * The witness was not old and was ignorant, but possessed knowledge that it was both morally and legally wrong to lie; that such conduct was likely to result in punishment. She was able to give a connected relation of the facts within her knowledge."

See also Carter v. State, 87 Tex. Cr. R. 299, 221 S. W. 603; Nichols v. State, 99 Tex. Cr. R. 504; 270 S. W. 555.

So, in this case, the prosecutrix related the facts of the assault, and in every instance she was corroborated either by other witnesses or by facts and circumstances subsequently discovered by an investigation thereof. That appellant ravished her was admitted by him. That the child was badly treated was

shown by the doctor and the city marshal and not anywhere in the record is there any contradiction in her testimony, nor is her testimony controverted by anyone.

Under the facts as they appear in the record, we are of the opinion that the court did not abuse his discretion in holding that she was a competent witness. In support of what we have said here, we refer to the following authorities: White v. State, 93 Tex. Cr. R. 532; Munger v. State, 57 Tex. Cr. R. 384.

The record discloses a bill of exception filed by the trial court which recites that the State and defendant failed to agree upon a bill of exception relating to certain remarks made by the District Attorney. Thereupon the court prepared and filed his bill showing that the District Attorney made the following argument: "Gentlemen of the Jury: You can turn the defendant loose; you can set him free if you want to."

To which appellant objected on the ground that the argument was improper because he had entered a plea of guilty. The court sustained the objection and instructed the jury to disregard the same. Whereupon counsel for the State remarked that the defendant was correct; that the jury could not turn him loose inasmuch as he had plead guilty. The bill further shows that appellant also objected to the following remarks by the District Attorney: "One of the attorneys representing the defendant was representing the Government of Mexico and that Mexico should have sent an attorney to assist the State in defending the rights of the prosecutrix."

The bill reflects that this argument was made in reply to that of appellant's counsel to the effect that "the next man is an attorney sent here by the Mexican Counsel as a representative of the Mexican Government, and he was sent at my request."

Appellant also objected to the following remarks by the District Attorney in his closing argument: "Counsel who opened the argument for the defendant had said that whatever punishment the jury fixed, the defendant would have to serve; that there was no one, not even the Supreme Court, that could prevent him from serving."

Whereupon the District Attorney, in his closing argument, said: "The only thing in life that was certain was death, and that if the jury wanted to uphold the law and fulfill the purpose of the law and mete out proper punishment to those who violate

the law, that he (the District Attorney) did not believe under the facts of this case that it would be well to sentence the defendant to a term of years in the penitentiary because he did not believe that would be sufficient nor certain enough to fulfill justice in this case."

We do not regard the argument complained of of such a vicious nature as to have prejudiced appellant's legal rights. The facts, as developed on the trial of the case, are most revolting and no doubt caused the infliction of the death penalty.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.