HOWARD L. HINES V. STATE

No. 26,955.   May 5, 1954
Rehearing Denied June 16, 1954

G. *Woodson Morris,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Roy R. Barrera,* Assistant Criminal District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted under Art. 535d, Vernon's Ann. P.C., for fondling a child's sexual parts, and his punishment was assessed at five years in the penitentiary.

Barbara Lee, the prosecutrix, testified that she was nine years of age; that appellant came to her house on the morning of July 6, 1953, and worked on the sewer; that her brother left the house leaving her alone with the appellant, who began talking with her; that after she had told him about her appendix operation "he wanted to see and told me to lay on the sofa. * * * And then he took my pants down back here and he pretended he was a doctor and then after a while he looked around and we went to my father's room and we were sitting on my father's bed. He called me in there and I went in there and he told me to lay on the bed and he said he was going to make me feel good and then he pulled my pants down and put his hand inside and after

a while he pulled down his pants and he pushed his privates against mine."

" * * * All right. When you talked about taking you in the bed room, where did he place his hands, Barbara? A. Right in here.

"Q. Is that your privates you are talking about? A. Yes, sir."

* * * * * * * *

"Q. Now, when he placed his hands there, did you have any clothes on between his hands and your privates? A. No, he had taken them down when he said he was going to make me feel good."

Barbara said that appellant then left the house and she telephoned her mother; that appellant came back in the house and said to her "Don't tell anything. If you do you will have to swear on God's honor, and if you don't the devil will get you."

Following this admonition, according to Barbara's testimony, appellant then "took me in the kitchen and lifted me on a chair and commenced monkeying again," that is, he placed his hand under her shorts and on her private parts.

Barbara further said that when her mother arrived she told her what appellant had done, then her mother called the police and took her to the hospital where she was examined by a doctor.

The testimony of Mrs. Ivy Lee shows that she went to work about 8 A.M. leaving her two children, Barbara, a girl nine years of age, and Richard, her son eleven years of age; that she arranged with a sewer company to clean out the sewer at her home that morning; that Barbara telephoned about 11:15 or 11:30 A.M. asking her to come home; that Barbara came out to the automobile when she arrived home and the appellant followed her; that she went in the house and appellant called Barbara back into the yard more than once saying he wanted to show her something.

Mrs. Lee further said that Barbara came in the house and told her what had happened; that she then called the police and took Barbara to the hospital.

Dr. Burns testified that on July 6, 1953, he examined the body of Barbara Lee and found the area surrounding the vagina slightly reddened with no bleeding, but could not attribute said "reddening" to any particular cause.

Appellant, testifying in his own behalf, stated that he was 27 years of age and unmarried; that he worked for the Alamo Sewer Service; that he arrived at the Lee home about 10:40 A.M. to fix the sewer and found a young girl and boy there; that he remained there from one hour and twenty-five minutes to an hour and forty-five minutes, during which time he was in the house at different times for a total of about ten minutes; that he was there when Mrs. Lee arrived and talked with her about fixing the sewer; and that he made no effort to attract the young girl from the house as Mrs. Lee entered. Appellant denied touching or abusing the person of the young girl (Barbara) in any manner.

The jury resolved the disputed issue of fact against the appellant and we find the evidence sufficient to sustain the conviction.

Appellant, in his brief, contends that the court erred in holding that Barbara Lee, the prosecutrix, a nine-year-old girl, was competent to testify as a witness.

The child's testimony shows that she understood that she would be punished if she did not tell the truth in answer to questions asked her. She intelligently related the transaction about which she was interrogated. No abuse of discretion is shown by the court in permitting her testimony. Nicholas v. State, 99 Texas Cr. R. 504, 270 S.W. 555; Rocha v. State, 148 Texas Cr. R. 237, 186 S.W. 2d 267.

Appellant complains of the testimony of the prosecutrix as to what her mother told her over the telephone about coming home. There being other testimony about the same matter in the record without objection, no error is shown.

Appellant further complains of the testimony of Mrs. Lee, the mother of the prosecutrix, relative to what she said in a telephone conversation she had with the prosecutrix because it was hearsay. The record reflects only one telephone conversation between these parties, and the conversation as to what the prosecutrix said being brought out by appellant, no error is reflected

in showing what the mother said in the same conversation. Art. 728, C.C.P.

Appellant contends that the court erred in overruling his objections to the state's argument to the jury, to-wit: "They went into Daddy's room and then what took place in Daddy's room? And I dare say from the facts in Daddy's bed. * * * I am going to make you feel good right here in Daddy's bed. And that he did, Gentlemen," upon the ground that there was no testimony "that they laid down in her father's bed, and it is highly prejudicial and was intended to influence the minds of the jury."

We find the record replete with evidence supporting the above argument, thus no error is here reflected.

Appellant contends that the court erred in overruling his objection to the state's argument concerning the failure of appellant to call Captain Matheney as a witness, to-wit: "Don't you know that if they thought Captain Matheney could help them out they would have had Captain Matheney over here," upon the ground that "it is not shown that Captain Matheney is under our power control or employment at all; the argument is improper, prejudicial and we ask the court to strike it out."

We are unable to appraise this objection as the facts concerning the whereabouts of Captain Matheney during the trial are not shown. He did not testify. The district attorney had a right to comment on the failure of appellant to call him as a witness if he was in a position to have possession of facts pertinent to this case. No motion for a continuance based upon the absence of any witness is found in the record, and the record reflects that both sides announced ready for trial upon the call of this case. No error is here reflected. Crowley v. State, 92 Texas Cr. R. 103, 242 S.W. 472.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant complains that we treated too lightly two of the contentions which he presented on original submission.

He contends that his voir dire examination of the prosecutrix touching her competency as a witness was unduly curtailed in that he was not permitted to elicit from her her answers to the following questions:

1  Do you know who would punish you, and

2.  Will you say how you could be punished?

The witness had testified, in answer to questions propounded by the district attorney, that she was there (in court) to tell the truth and that she could be punished if she did not tell the truth. In addition to this, she was questioned by the court and answered that she understood that she was to tell the truth, the whole truth, and nothing but the truth, and that she proposed to do so. Thereupon, the trial court observed that the witness appeared to be an intelligent nine-year-old girl and that she was qualified as a witness and did not require her to answer the two questions set forth above.

In Gonzales v. State, 113 Texas Cr. Rep. 439, 22 S.W. 2d 674, we reversed a conviction because of the refusal of the trial court to permit the daughter of the accused to testify. She had testified that she would be punished if she told a story, but said she did not know who would punish her, or how she would be punished.

In White v. State, 93 Texas Cr. Rep. 532, 243 S.W. 690, we held the trial court did not abuse his discretion by permitting a child to testify who stated that he did not know what would be done to him if he told a lie but that he would be punished.

We have before us the entire testimony of the child. From this we can determine whether her testimony is logical and probably true.

We think that a proper rule may be found in Branch's Annotated Penal Code, section 1771, page 995, wherein it is said:

"The fact that a child's testimony is intelligently given and that it believes that it is wrong to lie seems to commend its competency more than its knowledge of an obligation of an oath or its idea of where liars go now or hereafter."

We have again re-examined the testimony of the prosecutrix and have concluded that she gave a plausible account of the events upon which this prosecution is based.

Appellant again urges that we hold the testimony of the prosecutrix's mother inadmissible as hearsay. We did not pass upon the admissibility of such testimony standing alone. What we did say was that since the appellant permitted testimony about such conversation to get in the record without objection he could not predicate error upon the subsequent receipt of other evidence about the conversation. To recapitulate: When the prosecutrix was on the stand she was questioned by the state about the telephone call to her mother in which she recounted the conversation between them. No objection was interposed at this juncture. Later, on cross-examination by appellant's counsel, prosecutrix was questioned about the conversation.

Still later, when prosecutrix's mother was called as a witness, the appellant objected for the first time about what the child told her on the telephone.

We further observe that nothing incriminating against the accused was mentioned over the telephone.

Remaining convinced that we properly disposed of this cause originally, the appellant's motion for rehearing is overruled. No second motion for rehearing will be entertained.