**Donnie MAULDIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 36792.

Court of Criminal Appeals of Texas.

April 8, 1964.

Ray Sanderson, Abernathy, Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by two prior convictions for burglary, life.

The indictment alleged that the appellant unlawfully by force broke and entered a building occupied and controlled by Don Taylor with intent to commit theft.

The court, in his charge, required the jury, in order to convict, to believe from the evidence beyond a reasonable doubt that the appellant, by force and breaking, in the night, did break and enter the house of Don Taylor without his consent and with the intent to commit theft.

The evidence is deemed sufficient to show that the appellant removed three cases of coffee from the storeroom of the grocery store of Don Taylor, through the back door, which he loaded in his father's automobile and took away. Two cases were returned to Mr. Taylor by the father and brother of the appellant and, after he had been arrested and released on bond, the appellant had a conversation with Mr. Taylor who testified:

"Well, he just admitted that he did it; that he didn't know why he did it;

that he come over to the store that night, I believe he said, to buy cigarettes or some candy, one, but he never did come in. And why he took it he didn't know, but that he just took it. He didn't need it and didn't have no excuse for taking it; he just took it."

The store was open for business when the coffee was taken. The doorway between the store proper and the room where the coffee was stored was open. The storeroom door opening to the outside, according to Mr. Taylor's testimony, was not used for entry and exit by customers and was kept closed. A witness for the defense testified that she was a longtime customer and had frequently entered the store through the storeroom door.

It was the theory of the state that the appellant entered the storeroom through the closed outside door by force.

The appellant offered Wick Robertson, a fourth grade school boy, as a witness in support of his contention that there was no breaking and forceful entry, and that the door was open.

The court, having examined the tendered witness in the absence of the appellant and his counsel, as well as having heard and participated in his examination which is shown in the record, concluded: " * * * he does not fully realize and understand the nature of an oath and that he does not fully realize or recall all matters pertaining to the transaction before this court," and declined to permit the witness to be called to testify.

The examination of the witness shown by the record does not support the court's ruling. The appellant was not afforded an opportunity to hear or know or learn, so as to present to this Court, any fact or conversation that occurred when only the witness and the trial judge were present.

The voir dire examination of the tendered witness shown in the record includes the following:

"Q.  What is your name, please?  A. Wick Robertson.

"Q.  Wick, where do you live?  A. In Floydada, Texas.

"Q.  How long have you lived in Floydada?  A.  Three or four years.

"Q.  Three or four years?  A.  Uh-huh.

"Q.  Do you go to school in Floydada?  A.  Yes, sir.

"Q.  How long have you gone to school in Floydada?

"A.  About three—no, two.

"Q.  Two years?  A.  Uh-huh.

"Q.  What grade are you in now?  A. Fourth.

"Q.  Wick, do you know the difference between right and wrong?  A. Yes, sir.

"Q.  Are you aware that you should tell the truth if you are called to testify in this case?

"A.  Yes, sir.

"Q.  Do you know the difference between the truth and a lie?

"A.  (Witness nods his head affirmatively).

"Q.  Do you know what happens to people when they don't tell the truth in a situation like this?

"A.  (Witness nods his head negatively).

"Q.  You know whether or not people are punished if they don't tell the truth?  A.  No, sir.

"Q.  Would you feel that you would be obligated to tell the truth?  A. Yes, sir.

"Q.  Would you answer all questions truthfully that either I or Mr. Gaston here asked you?  A. Yes, sir.

"Q. Would you tell the court or the jury, if the jury was present, any lie? A. No, sir.

"Q. Do you believe in telling lies? A. No, sir.

"Q. Would you lie about the circumstances of this case in any way? A. No. sir.

"Q. Do you know whether or not you would be punished if you did not tell the truth? A. Yes, sir.

"Q. Would you or would you not be punished if you did not tell the truth? A. I would.

\* \* \* \* \* \*

"THE COURT: Do you know what you are called upon here to testify about in this case? A. Yes, sir.

"THE COURT: What is that? A. That the door was open.

"THE COURT: And you understand that is what you are called up here for? A. Yes, sir.

"THE COURT: Who told you that? A. Nobody.

"THE COURT: Who? A. Nobody.

"THE COURT: No one told you that? A. Huh-uh.

"THE COURT: How would you know that?

"A. That the door was open?

"THE COURT: No. How would you know that you were called up here to testify to that?

"A. They told me that I was.

"THE COURT: Who did?

"A. Mother."

From the record before us we must conclude that the trial judge abused his discretion in holding the tendered witness Wick Robertson incompetent to testify.

Gonzales v. State, 113 Tex.Cr.R. 439, 22 S.W.2d 674.

We express no opinion upon the question of the sufficiency of the evidence.

The rule regarding the offense of burglary of a place of business during business hours, and the proof required, is set out in Trevino v. State, 158 Tex.Cr.R. 252, 254 S.W.2d 788, and cases there cited.

The judgment is reversed and the cause remanded.