**William FIELDS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46999.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Larry W. Murphree, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The conviction is for murder with malice aforethought; the punishment, life.

The evidence reflects that appellant brutally beat two and a half-year old Rodney Franklin with a belt and an electrical extension cord. This beating resulted in death. The deceased's mother, Maggie Galloway,[1] and four-year old brother, Tony Franklin, both testified to observing appellant beating the child. The sufficiency of the evidence is not challenged.

In his first ground of error appellant contends that the trial court erred in allowing the four-year old Tony Franklin to testify. Appellant contends that the child did not possess sufficient intellect to relate the transaction with which he was to be interrogated and that he did not understand the obligation of an oath.

Article 38.06, Vernon's Ann.C.C.P., provides in part:

> "All persons are competent to testify in criminal cases except the following:
>
> *   *   *   *   *   *
>
> "2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

When the State called Tony Franklin as a witness, defense counsel asked to approach the bench. An off-the-record discussion was then had and then the court

---

1. The witness testified at the time of the trial she was married to a man named Galloway. Apparently at time of offense she was Maggie Franklin.

retired the jury. In absence of the jury the court questioned Tony Franklin. The evidence reflects that Tony knew what it was to tell the truth and knew that it was wrong not to tell the truth. He related that people can get "a spanking" if they do not tell the truth. He knew that he was in a courtroom, and he knew that while he was in the courtroom he was supposed to tell the truth. The court then ruled that Tony was a competent witness. Appellant's counsel stated: "Note our exception." Tony then testified before the jury both on direct and cross-examination. At the end of Tony's testimony defense counsel ɔstated: "Renew our objection, not being competent to testify, and add that his testimony be stricken."

Putting aside the question of whether appellant's objection was timely presented we shall consider his contention.

■ The competency of a witness to testify is generally a question for determination by the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion is shown. 61 Tex.Jr.2d, Witnesses, Secs. 67, 47; 4 Branch's Ann.P.C.2d Sec. 1945, p. 264. Melton v. State, 442 S.W.2d 687 (Tex.Cr. App.1969).

While there is some authority (4 Branch's Ann.P.C.2d, Sec. 1945, p. 264) that such rule applies when the witness is over four years and under fourteen years of age, there are other holdings that there is no precise age under which a child is deemed incompetent. Hawkins v. State, 27 Tex.App. 273, 11 S.W. 409 (1889); Douglass v. State, 73 Tex.Cr.R. 385, 165 S.W. 933 (Tex.Cr.App.1914).

In Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895), the competency of a five and a half year-old boy was upheld. There the Supreme Court stated:

"That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness is clear. While no one would think of calling as a witness an infant only two or three years old, there is no precise age to determine the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which would tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath."

As to appellant's contention that the witness did not understand the obligation of the oath, we find no specific question directed to witness concerning the oath he had taken. As earlier noted, however, he did indicate that he knew it was wrong not to tell the truth and that he would be punished or "spanked" if he did not tell the truth.

In Franks v. State, 166 Tex.Cr.R. 455, 314 S.W.2d 586 (1958), this court held that a child witness under nine years of age who stated he knew he would "catch a whipping" if he told something which was untrue was a competent witness. See also Williams v. State, 439 S.W.2d 846 (Tex. Cr.App.1969).

■ Further, it is well established that even though a child states he does not know the meaning of an oath or what it means to swear, he may nevertheless be a competent witness if he knows it is wrong to lie and that he will be punished if he does so. Scroggins v. State, 51 S.W. 232 (Tex.Cr.App.1899); Click v. State, 66 S. W. 1104 (Tex.Cr.App.1902); Sancedo v. State, 69 S.W. 142 (Tex.Cr.App.1902); Anderson v. State, 53 Tex.Cr.R. 341, 110 S.W. 54 (1908); Munger v. State, 57 Tex.Cr.R. 384, 122 S.W. 874 (1909); White v. State, 93 Tex.Cr.R. 532, 248 S.W. 690 (1923); Hennington v. State, 10 Tex.

Cr.R. 12, 274 S.W. 599 (1925); Gonzales v. State, 113 Tex.Cr.R. 439, 22 S.W.2d 674 (1929).

■ In determining, however, whether there has been an abuse of discretion, a review of the child's entire testimony, rather than the preliminary qualification, should be made in order to determine whether he was a competent witness. Jundt v. State, 164 Tex.Cr.R. 437, 300 S.W.2d 73 (Tex. Cr.App.1957); Hines v. State, 160 Tex. Cr.R. 284, 268 S.W.2d 459 (Tex.Cr.App. 1954).

■ Apparently recognizing this, appellant argues that Tony Franklin's testimony was not entirely consistent and therefore he did not possess sufficient intellect to relate the events with respect to which he was questioned. It is true that there were some inconsistencies in witness' testimony but inconsistencies alone in a child's testimony would not render him an incompetent witness. Melton v. State, 442 S.W.2d 687 (Tex.Cr.App.1969).

Further, in Smith v. State, 410 S.W.2d 642 (Tex.Cr.App.1966), this court wrote:

"Appellant next complains that the witness, Wanda Smith (eight years old), should not have been permitted to testify because she did not have the mental capacity to understand the nature and the obligation of the oath. The trial court examined this witness and found her competent to testify. A careful reading of her testimony reveals that it contains contradictions. Considering, however, the age of this witness and some of the questions propounded her, we are not able to say that this would make her incompetent."

■ After carefully reviewing the entire testimony of Tony Franklin, we cannot conclude that the trial court abused its discretion in permitting him to testify.

■ In his second ground of error appellant contends the court erred in admitting into evidence eight colored photographs and fifteen color slides of the body of the deceased, the slides being projected on a screen in the courtroom. He urges that these exhibits only served to prejudice and inflame the minds of the jurors and did not resolve any disputed fact issue.

First, we observe that the colored slides are not in the appellate record approved without objection, and we are thus unable to pass on appellant's contention with regard to the same. Likewise, the original colored photographs are not in the record. What are found in the record are black and white xerox copies of the same, and poor copies at that.

These exhibits depict the body and some of the wounds inflicted. The photographs, according to the testimony, do not reflect the results of an autopsy as in Terry v. State, 491 S.W.2d 161 (Tex.Cr.App.1973).

In Martin v. State, 475 S.W.2d 265 (Tex.Cr.App.1972), this court held that if a verbal description of a body and its wounds would be admissible, a photograph depicting the same would be admissible, overruling prior decisions in conflict therewith. See also Lanham v. State, 474 S.W. 2d 197 (Tex.Cr.App.1971); Foster v. State, 493 S.W.2d 812 (Tex.Cr.App.1973); Byrd v. State, 495 S.W.2d 226 (Tex.Cr. App.1973).

What was said in Kalinec v. State, 500 S.W.2d 146 (1973), appears to be here applicable in light of the condition of the record before us: "This was a gruesome murder but the photographs did no more than show the facts."

The judgment is affirmed.