**Zane Harvey SUMNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47022.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

---

Gerald K. Fugit, Odessa, for appellant.

John Green, Dist. Atty., and Don E. Williams, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for fondling. After the jury returned a verdict of guilty, punishment was assessed by the court at twenty-five (25) years.

In his sole contention, appellant urges that the trial court erred in allowing ten-year-old Tanya Sumner to testify.

Appellant urges that the trial court did not question the minor about her understanding of the oath nor was the witness asked questions that dealt with her intellect and familiarity with the transaction in question prior to her being examined before the jury.

Article 38.06, Vernon's Ann.C.C.P., provides in part:

"All persons are competent to testify in criminal cases except the following:
". . .

"2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

Prior to swearing Tanya Sumner (sister of the eight-year-old prosecutrix and daughter of appellant) as a witness the court questioned the prospective ten-year-old witness as follows:

"The Court: Young lady, you know what it is to tell the truth?

"Tanya Sumner: Yes, sir.

"The Court: You know you are supposed to tell the truth?

"Tanya Sumner: Yes, sir.

"The Court: You know it is wrong not to tell the truth?

"Tanya Sumner: Yes, sir."

The minor witness was sworn and appellant's objection that the court was permitting her to testify without determining her qualifications and competency to testify was overruled. We further note that the following occurred on direct examination, prior to the witness being interrogated about the incident in question:

"Q. You told the judge you know what it is to tell the truth?

"A. Yes, sir.

"Q. You know what will happen to you if you don't tell the truth?

"A. The Heavenly Father will get mad at me."

In the recent case of Fields v. State, Tex.Cr.App., 500 S.W.2d 500, where it was contended that the trial court erred in allowing a four-year-old witness to testify, this court said:

"The competency of a witness to testify is generally a question for determination by the trial court and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion is shown. 61 Tex.Jur.2d, Witnesses, Secs. 67, 47; 4 Branch's Ann.P.C.2d Sec. 1945, p. 264. Melton v. State, 442 S.W.2d 687 (Tex.Cr.App.1969).

". . .

"As to appellant's contention that the witness did not understand the obligation

of the oath, we find no specific question directed to witness concerning the oath he had taken. As earlier noted, however, he did indicate that he knew it was wrong not to tell the truth and that he would be punished or 'spanked' if he did not tell the truth.

"In Franks v. State, 166 Tex.Cr.R. 455, 314 S.W.2d 586 (1958), this court held that a child witness under nine years of age who stated he knew he would 'catch a whipping' if he told something which was untrue was a competent witness. See also Williams v. State, 439 S.W.2d 846 (Tex.Cr.App.1969).

"Further, it is well established that even though a child states he does not know the meaning of an oath or what it means to swear, he may nevertheless be a competent witness if he knows it is wrong to lie and that he will be punished if he does so. Scroggins v. State, 51 S.W. 232 (Tex.Cr.App.1899); Click v. State, 66 S.W. 1104 (Tex.Cr.App.1902); Sancedo v. State, 69 S.W. 142 (Tex.Cr.App.1902); Anderson v. State, 53 Tex.Cr.R. 341, 110 S.W. 54 (1908); Munger v. State, 57 Tex.Cr.R. 384, 122 S.W. 874 (1909); White v. State, 93 Tex.Cr.R. 532, 248 S.W. 690 (1923); Hennington v. State, 10 Tex.Cr.R. 12, 274 S.W. 599 (1925); Gonzales v. State, 113 Tex.Cr.R. 439, 22 S.W.2d 674 (1929).

"In determining, however, whether there has been an abuse of discretion, a review of the child's entire testimony, rather than the preliminary qualification, should be made in order to determine whether he was a competent witness. Jundt v. State, 164 Tex.Cr.R. 437, 300 S.W.2d 73 (Tex.Cr.App.1957); Hines v. State, 160 Tex.Cr.R. 284, 268 S.W.2d 459 (Tex.Cr.App.1954)."

Unlike Fields v. State, supra, it is not contended, nor does the record reflect, inconsistencies in the child's testimony.

After reviewing the entire testimony of the witness as well as the questions asked the child by the court, we reject appellant's contention that the trial court abused its discretion in permitting her to testify.

The judgment is affirmed.

Opinion approved by the Court.