**Al Lawrence MARTINI, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–81–317–CR.
(No. 2328).

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1982.

Peter J. Sapio, Jr., Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction by a jury of indecency with a child, wherein the trial court assessed punishment of eight years confinement. Al Lawrence Martini seeks a reversal on the grounds that the trial court abused its discretion by permitting the nine year-old child to testify. We affirm.

In response to appellant's request, the trial court held a competency hearing before the trial. The child testified that she understood the difference between the truth and a lie, that she knew that she must tell the truth and would do so. In reply to questions asked by the district attorney, defense counsel and the court, she indicated that the consequences of lying were a spanking, being sent to her room, and that God would punish her. She did have difficulty answering inquiries why she should tell the truth or what the oath meant. The appellant contends that the inability to articulate answers to these questions shows that she was not competent to testify.

Tex.Code Crim.Proc.Ann. Article 38.06 (Vernon 1979) provides: "All persons are competent to testify in criminal cases except the following: ... (2) Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

It is well settled that the ruling of a trial court on the issue of competency will not be disturbed absent a showing of abuse of discretion. *Watson v. State,* 596 S.W.2d 867, 871 (Tex.Cr.App.1980); *Villarreal v. State,* 576 S.W.2d 51, 57 (Tex.Cr.App.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979); *Garcia v. State,* 573 S.W.2d 12, 14 (Tex.Cr.App.1978). A reviewing court must examine the entire record to determine whether an abuse of discretion has taken place. *Villarreal v. State,* supra; *Fields v. State,* 500 S.W.2d 500, 503 (Tex.Cr.App.1973). There is considerable authority in Texas that a child who knows it is wrong to lie and that he will be punished if he does so is a competent witness even though he does not comprehend the meaning of an oath. *Sumner v. State,* 503 S.W.2d 773, 774 (Tex.Cr.App.1974); *Fields v. State,* supra, and cases cited therein. In *Sumner* the child explained that if she did not tell the truth "The Heavenly Father would get made at me." The witness in *Fields* said "... people can get a spanking if they do not tell the truth." In both these instances, the Court of Criminal Appeals held that the children met the requirements of the statute. Since the child in the case before us gave both answers, the trial court was well within its discretion in ruling that she was qualified to testify. We have reviewed her trial testimony and find nothing which conflicts with this conclusion. All of appellants grounds of error are overruled.

The judgment of the trial court is affirmed.