Affirmed and Memorandum Opinion filed November 18, 2003
















Affirmed and Memorandum
Opinion filed November 18, 2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01096-CR

____________

 

CHRISTIAN JUDE
GRANGER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 177th District Court

Harris
 County, Texas

Trial Court Cause
No. 894,962




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Christian Jude Granger appeals his
felony conviction for aggravated sexual assault of a child younger than
fourteen.  Appellant was charged by
indictment with aggravated sexual assault by penetrating the sexual organ of a
child with his finger.  See Tex.
Pen. Code § 22.021.  A jury found him
guilty of the charged offense and assessed punishment at eight years’
confinement.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.

            First, appellant argues the trial
court abused its discretion in finding the complainant competent to testify at
trial.  We review the trial court’s
determination of a witness’s competency for abuse of discretion. Broussard v. State, 910 S.W.2d 952, 960
(Tex. Crim.
App. 1995), cert. denied, 519 U.S.
826 (1996).  Under Rule 601 of the Texas
Rules of Evidence, a child is considered competent to testify unless the trial
court determines the child does not possess sufficient intellect to relate the
transaction about which she will testify. 
Id.  We must examine not only the witness’s
responses at the qualification hearing, but her entire testimony as well. Fields v. State, 500 S.W.2d 500, 503 (Tex.
Crim. App. 1973).

            In the present case, although many
of complainant’s responses were conveyed through body language rather than
verbal statements, she was able to accurately answer questions concerning (1)
her name, (2) her age, (3) her mother’s name, (4) the color of her dress, (5)
the color of the grass, (6) the present she received at a party, (7) where her
mouth is, and (8) locations of various body parts of a doll.  Further, she promised to tell the truth and
appeared to be able to distinguish between a truth and a lie.  Her videotaped responses to questions posed
by Monique Gadson indicate she was able to convey the
circumstances surrounding the incident. 
While appellant points to instances in which complainant appears to have
given conflicting answers, confusing and inconsistent responses from a child
are not reasons to determine she is incompetent to testify, but rather address
the weight and credibility to be given to her testimony. See Berotte v. State, 992 S.W.2d 13, 17
(Tex. App.—Houston [1st Dist.]
1997, pet. ref’d). 
We give due deference to the trial court’s evaluation of complainant and
her responses, especially in light of the number of non-verbal responses given.
See id.  The trial court did not abuse its discretion
in finding complainant competent to testify. 
Appellant’s first issue is overruled.

            Second, appellant argues the trial
court erred in admitting Monique Gadson’s videotaped
interview of complainant because it was not the first time the child made a statement
about the offense to an adult.  See Tex.
Code Crim. Proc. art. 38.072.  Appellant points to an earlier statement to Essie Brown that appellant “touched her there [(her private
part)]” as an outcry statement.[1]

            A child’s statement constitutes an
outcry only if it “describe[s] the alleged offense.”  Id. at
§2(a).  Thus, an outcry must be more than
a “general allusion of sexual abuse.” Garcia
v. State, 792 S.W.2d 88, 91 (Tex. Crim. App.
1990).  As the alleged offense requires
proof not just of touching but of penetration, the child’s statement to Brown
did not describe the offense alleged with enough specificity to constitute an
outcry.  See Molina v. State, 971 S.W.2d 676, 683 (Tex. App.—Houston [14th
Dist.] 1998, pet. ref'd) (holding previous statement that
did not mention penetration was not an outcry). 
As the complainant’s statement to Gadson appears
to be the first statement she made to an adult specifically concerning digital
penetration, we hold the trial court did not abuse its discretion in admitting Gadson’s videotaped interview of complainant.  Accordingly, appellant’s second issue is
overruled.

Third, appellant argues the trial court violated his
Confrontation Clause rights by admitting complainant’s videotaped testimony.[2]  Because the complainant testified at trial,
there was no confrontation violation.  See Villalon v.
State, 791 S.W.2d 130, 136 (Tex. Crim. App.
1990).  Nevertheless, appellant claims there
was a violation because Gadson (who did not testify
at trial) did far more testifying than did complainant.  While Gadson repeated
some of complainant’s phrases to elicit further detail from an obviously
reluctant young witness, that did not make the interviewer the “witness”
instead of the interviewee.  Appellant
could have sought exclusion of the entire interview if he thought the testimony
was the result of implantation by a biased interviewer.  See
Tex. Code Crim.
Proc. art. 38.071 §2(a) (allowing admission of recorded statement only
if court finds facts were “fully and fairly inquired into in a detached manner
by a neutral individual”).  Because he
did not, his third issue is overruled.

The judgment is affirmed.

 

 

 

 

                                                                                    

                                                            /s/                    Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Memorandum Opinion
filed November 18, 2003.

Panel consists of Chief Justice Brister and
Justices Anderson and Seymore.

Do Not Publish –– Tex. R. App. P. 47.2(b).











[1]
The record reflects appellant did not object to Brown’s testimony concerning
what complainant told her about the incident, and he does not argue on appeal
that Brown’s testimony was inadmissible. 
Therefore, appellant failed to preserve error regarding admission of
this evidence and we need not consider the admissibility of Brown’s testimony
here. See Tex. R. App. P. 33.1; Hardeman
v. State, 1 S.W.3d 689, 690 (Tex. Crim. App.
1999).





[2]
The Confrontation Clause affords criminal defendants the right to confront the
witnesses against them through cross-examination. See U.S. Const. amend. VI; Lagrone v. State, 942 S.W.2d 602, 613 (Tex.
Crim. App. 1997), cert.
denied, 522 U.S. 917 (1997).