**Affirmed and Memorandum Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00534-CR

_____

**JACOY NIXON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court
Montgomery County, Texas
Trial Court Cause No. 12-05-05609-CR**

## M E M O R A N D U M   O P I N I O N

Appellant Jacoy Nixon was convicted of aggravated sexual assault of a child. Following a jury trial, appellant was found guilty and the jury assessed punishment at forty-one years in prison. In two issues, appellant contends that the trial court abused its discretion by (1) finding that the complainant was competent to testify; and (2) allowing an outcry witness to testify at trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The complainant was four years old at the time of the offense alleged to have occurred on or about December 17, 2011. The complainant's mother asked appellant's step-mother if she could babysit the complainant for the weekend. Appellant's step-mother is also the complainant's godmother. Because appellant's step-mother was working a weekend shift at a nursing home, appellant agreed to watch the complainant for the weekend. The complainant's mother dropped the complainant off at the appellant's apartment on Friday night and picked her up Sunday evening.

The complainant's first outcry came the following Monday when her mother picked her up from their neighbor's apartment. The complainant told her mother that she did not want to go to her godmother's house anymore because appellant put his private area in her mouth. The complainant further stated that appellant threatened her and said she would be in trouble if she told anyone. After the police investigation began, the complainant was evaluated and received counseling at Children's Safe Harbor.

On May 22, 2012, appellant was indicted for aggravated sexual assault of a child under the age of six. *See* Tex. Penal Code § 22.021(a)(1)(B). Appellant pleaded not guilty to the offense. Pursuant to Article 38.072 of the Texas Code of Criminal Procedure, the State provided appellant with notice of its intent to use the complainant's hearsay statements made to her mother and the forensic interviewer. The trial court conducted a hearing outside the presence of the jury to determine who the outcry witness would be and whether the outcry statement was reliable. The trial court held that the outcry statement was reliable and that the complainant's mother could testify as the outcry witness. The trial court also conducted a hearing to determine whether the complainant was competent to

2

testify. The complainant stated where she went to school, what games she had played the previous day, and what television show she was watching on the day of the incident. The trial court found the complainant competent to testify.

The complainant testified during the guilt-innocence phase of trial. The complainant stated that she was watching television in the appellant's room when the appellant entered. When she asked appellant for a fruit snack, he covered her eyes tightly with a black scarf and told her to open her mouth. The complainant described the appellant putting his "pee-pee" in her mouth. The complainant's statements were further corroborated by testimony from other witnesses at trial.

On June 23, 2014, a jury found appellant guilty and assessed punishment at forty-one years in prison.

### ISSUES AND ANALYSIS

Appellant contends that the trial court abused its discretion by finding that the complainant was competent to testify. Appellant also contends that the trial court abused its discretion by admitting the outcry statement because (1) the complainant was unavailable to testify; and (2) the trial court failed to review the reliability of the outcry statement.

### I. Competency

In his first issue, appellant contends that the complainant was not competent to testify because she provided inconsistent testimony.

We review a trial court's competency determination for an abuse of discretion. *Dufrene v. State*, 853 S.W.2d 86, 88 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). To determine whether the trial court abused its discretion, we must review the complainant's responses to qualification questions as well as the entire testimony. *Berotte v. State*, 992 S.W.2d 13, 17 (Tex. App.—Houston [1st

3

Dist.] 1997, pet. ref'd). A trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Generally, every witness is presumed competent to testify. Tex. R. Evid. 601(a). A child is not competent to testify when, after an examination by the trial court, the child does not appear "to possess sufficient intellect to relate transactions with respect to which [the child is] interrogated." *Hogan v. State*, 440 S.W.3d 211, 213 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). There is no precise age under which a child is deemed incompetent. *Fields v. State*, 500 S.W.2d 500, 502 (Tex. Crim. App. 1973). When a party challenges the competency of a child witness, the trial court will consider whether the complainant possesses the (1) ability to intelligently observe the events in question at the time of the occurrence; (2) capacity to recollect the events; and (3) capacity to narrate the events. *Hogan*, 440 S.W.3d at 213−14. The third element involves the witness's ability to understand the moral responsibility to tell the truth, to understand the questions posed, and to frame intelligent answers. *Id.* at 214. While the child no longer needs to understand the "obligation of the oath," the trial court must impress the child with the duty to be truthful. *Dufrene*, 853 S.W.2d at 88. A child is usually deemed competent if she can tell the difference between a truth and a lie. *Sumner v. State*, 503 S.W.2d 773, 774–75 (Tex. Crim. App. 1974).

The complainant demonstrated during the two hearings and guilt-innocence phase of trial her ability to intelligently observe the events in question at the time of the occurrence. The complainant was able to point out and identify the appellant during trial. The complainant testified that appellant used a black scarf to cover her eyes and that appellant's pants did not stay on while he was in the room with her. The complainant pointed out what part of the appellant's body entered her mouth via a diagram and described it as his "pee-pee." The complainant's memory of

4

details from the event was clearly reflected in her testimony.

The complainant recalled sufficient details about the event that were corroborated by the other witnesses' testimonies. The complainant remembered watching Spongebob on Nicktoons while at appellant's apartment. The complainant remembered sitting on appellant's bed while she watched television in his room. Although she did not remember where her mother was, the complainant remembered that appellant's step-mother was at work during the weekend. The complainant recalled appellant doing something that made her angry and that he had tied a scarf over her eyes very tight. The complainant was able to recollect and describe the sequence of events in question.

The complainant was able to express the difference between a truth and a lie during both the competency hearing and at trial. During the competency hearing, the trial court asked the complainant if she was sitting in a green chair and if it was raining and dark outside. The complainant responded that she was sitting in a red chair and that it was light outside. The complainant also affirmatively acknowledged the responsibility to tell the truth while giving her testimony. *Clark v. State*, 659 S.W.2d 53, 54−55 (Tex. Crim. App. 1983) (holding that three-year-old witness was competent because she stated that she would get a 'spanking' if she did not tell the truth).

The complainant understood the questions being asked and responded sufficiently given her age. The complainant responded several times with head gestures and hand signals and was able to respond best with leading questions. *See Berotte*, 992 S.W.2d at 17 (holding that the complainant was competent even though she gave inconsistent answers, shrugged a lot, and was only able to respond with leading questions because she was able to answer accurately her age, where she went to school, and her name). Although the complainant gave inconsistent

responses, she was able to correctly state her name, age, and where she went to school.

Appellant argues that the complainant's inconsistent testimony reflects on her competency or lack thereof. However, "inconsistencies alone in a child's testimony" do not render the child incompetent. *Fields*, 500 S.W.2d at 503. Confusing and inconsistent responses from a child are not reasons to determine she is incompetent to testify; rather, they speak to the credibility of her testimony. *See Berotte*, 992 S.W.2d at 17. Further, a witness's age and the form of questions should be taken into account when reviewing inconsistencies. *Fields*, 500 S.W.2d at 503. Here, appellant re-phrased several questions not related to the alleged offense in order to illicit contradicting responses from the complainant. The result was that where the complainant initially responded affirmatively, she subsequently gave contradicting answers or stated that she did not know. Appellant's references to the complainant's alleged inconsistent responses were not directly related to the alleged offense or intentionally misleading, and only serve to affect her credibility. *See Clark*, 659 S.W.2d at 55 (noting that although the witness had difficulty answering many questions on collateral matters, her testimony about the alleged sexual offense was clear).

The record as a whole reflects that the complainant knew the difference between a truth and a lie, understood questions, and responded intelligently. Although some of the complainant's responses were inconsistent, overall she responded sufficiently and was able to convey to the jury the details of what occurred. The trial court did not abuse its discretion by finding that the complainant was competent to testify.

We overrule appellant's first issue.

## II.    Outcry Statement

In his second issue, appellant contends that the mother was not a proper outcry witness because the complainant effectively was not available to testify due to her incompetency. Alternatively, appellant argues that even if the complainant was deemed competent, the trial court did not review the circumstances of the outcry statement to determine its reliability.

We review reliability of outcry statements for an abuse of discretion. *Torres v. State*, 424 S.W.3d 245, 257 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). A trial court's findings will be upheld when they are supported by the evidence, and a trial court has broad discretion in determining the admissibility of such evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). We will reverse a trial court's reliability determination only if it is outside the zone of reasonable disagreement. *Shaw v. State*, 329 S.W.3d 645, 652 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Under Article 38.072 of the Texas Code of Criminal Procedure, some hearsay statements are admissible in prosecuting certain offenses, including aggravated sexual assault of a child. Tex. Code Crim. Proc. art. 38.072, § 1. Although the terms do not appear in the statute, the victim's out-of-court statement is commonly known as an "outcry," and an adult who testifies about the outcry is commonly known as an "outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The statute applies to statements that describe the alleged offense and that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. art. 38.072, § 2(a). A statement that meets these requirements is not inadmissible because of the hearsay rule if, among other things,

the trial court finds, in a hearing outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2); *Torres*, 424 S.W.3d at 258−59. The provisions of Article 38.072 are mandatory and must be followed for the outcry statement to be admissible over a hearsay objection. *Moore v. State*, 233 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

### A. The Complainant was available to testify

Appellant contends that the trial court abused its discretion by allowing the mother to testify as an outcry witness because the complainant was not available to testify due to her incompetency. *See* Tex. Code Crim. Proc. art. 38.072, § 2(b)(3) (requiring that the child must be available to testify for statement to be admissible). As we discussed above, the complainant was competent to testify. Thus, we reject appellant's argument that the complainant was unavailable to testify because of her competency. Further, the complainant was available to testify because she testified at the guilt-innocence phase of trial.

### B. Appellant did not preserve error for review based on the reliability of the outcry statement

Appellant also argues that the trial court abused its discretion by admitting the outcry statement because the trial court did not find the outcry statement reliable based on the time, content, and circumstances.

Because preservation of error is a systematic requirement on appeal, a court of appeals should review preservation of error regardless of whether the issue was raised by the parties. *See Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). The purpose of requiring an objection is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection. *Id*.

For a complaint to be presented on appeal, a timely request, objection, or motion must have been made to the trial court which states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a)(1); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). The complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 463–64 (Tex. Crim. App. 2009). Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. *Id*. at 464.

Appellant contends that he properly preserved his objection to the reliability of the outcry statement. Appellant argues that he made timely specific objections at the outcry witness hearing, in several motions, and in his request for a directed verdict.

During the outcry witness hearing, appellant had an opportunity to request that the trial court question the complainant regarding the circumstances in which she first outcried to her mother. Appellant, however, objected to the hearing based on the complainant's competency under Rule 601. Nowhere in the record does the appellant object to the reliability of the outcry statement based on the circumstances surrounding the statement. Neither are the appellant's grounds for objection so obvious that the court would be put on notice. Additionally, the trial court gave both parties an opportunity to suggest questions to determine the reliability of the outcry statement during the hearing. Appellant's only proffered questions related to the complainant's ability to recollect, which is an element of Rule 601. *See Duran v. State*, 163 S.W.3d 253, 256 (Tex. App.—Fort Worth 2005,

9

no pet.) (holding that appellant failed to preserve error because he "did not object to the outcry statement or to the mother testifying to that statement on the basis of reliability"); *see also Heidelberg*, 144 S.W.3d at 542–43 (holding that error was not preserved in part due to counsel's failure to cite to the state constitution or even specify that he was objecting to post-arrest silence). Because appellant failed to object to the outcry statement's reliability based on the circumstances, appellant did not properly preserve the error for review.

We overrule appellant's second issue.

## CONCLUSION

We overrule appellant's issues and affirm the judgment of the trial court.


/s/     Ken Wise
Justice



Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).