**Samuel SMITH, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39832.**

Court of Criminal Appeals of Texas.

Dec. 31, 1966.

Rehearing Denied Feb. 8, 1967.

See also Tex.Cr.App., 389 S.W.2d 466.

H. R. Rolston, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

The offense is murder without malice; the punishment, five years confinement in the Texas Department of Corrections.

Trial was had and notice of appeal given prior to January 1, 1966.

The indictment alleged that appellant killed Pamela Smith by beating her with a fan belt. Testimony offered by the state reflects that the deceased was the daughter of the appellant.

Wanda Smith, sister of the deceased child and daughter of the appellant, was the only witness who testified that she saw the alleged beating. At the trial she testified that she was eight years old; that she was the daughter of the appellant and the oldest child in the family; and that the deceased, Pamela, was six years old. She further testified that on the day in question she saw appellant and his wife whip the deceased with a fan belt on the back and on the head; that Pamela went to bed; that later she got up and went to the bathroom where she fell; that appellant then had Wanda help put pajamas on Pamela.

The record further reflects that appellant and his wife took Pamela to the hospital where she was examined and pronounced dead.

At the trial Wanda Smith identified the fan belt as the instrument used in the beating.

The doctor who performed the autopsy testified that he considered the deceased to have died from traumatic injury with hemorrhage into the brain. He further testified that the injuries causing the death were sustained within a few hours prior to death; that there were large areas of bruises all over the body of the child, mainly on both sides of the chest, both sides of the neck, about the left eye, on the right thigh and knee, and on top of the skull. He also testified that the injuries were caused by a blunt instrument which was flexible rather than rigid, because the injuries were diffused.

Appellant contends that the trial court erred in overruling his motion to quash the indictment for the reason that the description therein of the murder weapon is insufficient to apprise him of what the weapon was. He contends that the indictment should have specified what kind of fan belt, automobile or otherwise. In Wilson v. State, 155 Tex.Cr.R. 323, 234 S.W.2d 882, this court held that an indictment alleging that one was killed by being struck with a hammer was not invalid for failure to name the kind of hammer that was used. We think that the words fan belt are widely used and that its descriptive meaning is amply understood in this age of mechanization. We hold that the words fan belt used in the indictment are sufficiently specific to have informed the appellant as to the nature of the weapon used in committing the alleged offense.

Appellant next complains that the witness, Wanda Smith, should not have been permitted to testify because she did not have the mental capacity to understand the nature and the obligation of the oath. The trial court examined this witness and found her competent to testify. A careful reading of her testimony reveals that it contains contradictions. Considering, however, the age of this witness and some of the questions propounded her, we are not able to say that this would make her incompetent. Further, there is no evidence or theory offered which would establish deceased's cause of death to be other than by the whipping testified to by this witness. For these reasons we are unable to say that the trial judge abused his discretion in qualifying this witness to testify.

Appellant's remaining contentions question the sufficiency of the evidence which warranted the trial court to charge on any phase of murder or on intent to kill. We have examined the authorities cited in support of this contention and do not find them to be controlling here. We find the evidence sufficient to justify such charges and to sustain the conviction.

The judgment is affirmed.