William D. King, Austin, for appellant.

Ronald Earle, Dist. Atty., Kevin Madison and Larrilyn K. Russell, Asst. Dist. Attys., for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

PER CURIAM.

C.M., a child, appeals from the district court order finding that he engaged in delinquent conduct by committing the offense of sexual abuse. Tex.Fam.Code Ann. § 51.03(a)(1) (Supp.1984); Tex.Pen.Code Ann. § 21.04(a)(1) (1974). We affirm the order.

The evidence establishes that on the night of July 4, 1982, the complaining witness, C.S., awoke to discover two young men, one of them appellant, holding her down on her bed with a pillow over her face. She described what then happened as follows:

Q. Would you go ahead and tell us what happened.

A. Okay, there was two people on me and [F.H.], I guess, he was the biggest one; he was holding me down and had the pillow over my face.

I could still get some air, but I was dizzy. And, at this time, they were both feeling on my private parts of my

**C.M., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13912.**

Court of Appeals of Texas, Austin.

Oct. 24, 1984.

body. I was struggling, but every time I moved he pushed the pillow down harder, and then I felt them putting an object in my genital area. And then I managed to get one of my hands loose and I scratched [F.H.], or the person who was holding me on the top. And, I twisted my body and they fell off.

And that's when [C.M.] walked out of the room and [F.H.] stayed talking.

Q. Okay, so you mentioned that you were penetrated with something by the respondent?

A. Yes, I don't know what.

Q. Okay, penetrated your vagina?

A. Yes.

Q. Did you consent for him to penetrate you?

A. No.

Q. Did the respondent, [C.M.], compel you to participate by force?

A. Yes.

Q. And you were restrained by the two men?

A. Yes.

During cross-examination, C.S. was questioned concerning the statement she gave the police soon after this assault:

Q. Earlier this afternoon you said that, that an object was involved in the incidents that took place that night; is that true?

A. Yes, I'm not very—I don't know exactly what it was.

Q. All right, when you made this statement you testified that it was soon after the events of that night, and yet the statement doesn't contain any mention of the object; isn't that true?

A. Yes, that's true.

Q. So did you decide to mention the object after talking to the police?

A. No, the object was always there. I don't know exactly why it didn't get put in. It wasn't, it wasn't the object, it was basically the hand. But my face was covered so I couldn't really see what was happening, but I know something was.

Q. Okay. There you're saying that it was the hand that penetrated your private parts?

A. Yes.

In pertinent part, the petition alleging delinquent conduct reads as follows:

The said child is alleged to have engaged in delinquent conduct, to wit: ... the said child violated a penal law of this State punishable by imprisonment/confinement in jail, to wit: Section 21.04 of the Texas Penal Code, in that he did then and there without the consent of [C.S.], a female not his wife, with intent to arouse and gratify the sexual desire of the said [C.M.] engage in deviate sexual intercourse by then and there penetrating the genitals of said [C.S.] with an object, and the said [C.M.] did then and there compel the said [C.S.] to submit and participate by force that overcame such earnest resistance as might have been reasonably expected under the circumstances.

Appellant, in his only point of error, contends there is a fatal variance between the pleading and the proof, because a hand is not an object within the meaning of Tex. Pen.Code Ann. § 21.01(1)(B) (Supp.1984).

Until its repeal effective September 1, 1983, § 21.04(a)(1) read as follows:

(a) A person commits an offense if, without the other person's consent and with intent to arouse or gratify the sexual desire of any person, the actor:

(1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex.

Tex.Pen.Code Ann. § 21.01(1) (1974), prior to its amendment in 1981, defined "deviate sexual intercourse" as:

any contact between any part of the genitals of one person and the mouth or anus of another person.[1]

It is clear that appellant's conduct did not constitute deviate sexual intercourse as that term was defined prior to September

---

**1.** Effective September 1, 1981, this definition became subsection (1)(A) of § 21.01.

1, 1981, and therefore could not have constituted sexual abuse under § 21.04(a)(1). Prior to that date, the penetration of an assault victim's genitals or anus by anything other than the male sex organ was not in itself a sexual offense under chapter 21. Although appellant's conduct undoubtedly constituted "sexual contact" as that term was then (and now) defined, Tex.Pen. Code Ann. § 21.01(2) (Supp.1984), it does not appear from the record that either of the sexual offenses based on such contact were violated. *See* Tex.Pen.Code Ann. § 21.11 (Supp.1984) (indecency with a child); Tex.Pen.Code Ann. § 21.07 (1974) (public lewdness). Prior to September 1, 1981, then, appellant's conduct would have constituted nothing more than a class-C misdemeanor assault. Tex.Pen.Code Ann. § 22.01(a)(3) (Supp.1984).

Effective September 1, 1981, § 21.01 was amended to add alternative definition of "deviate sexual intercourse" now found in subsection (1)(B):

the penetration of the genitals or the anus of another person with an object.

Obviously, the purpose of this amendment was to close the gap in the coverage of chapter 21 by broadening the definition of "deviate sexual intercourse" and thereby expanding the scope of § 21.04. In our opinion, this legislative purpose would be frustrated if subsection (1)(B) were limited to penetration by inanimate objects only.

To accept appellant's argument would lead to this anomalous result (considering chapter 21 as it existed between September 1, 1981, and September 1, 1983): the penetration of a woman's sex organ by a man's sex organ would constitute rape, a second-degree felony; the penetration of a woman's sex organ by an inanimate object would constitute sexual abuse, a second-degree felony; the penetration of a woman's sex organ by a part of the actor's body other than his sex organ would not in itself constitute a sexual offense, and would remain a class-C misdemeanor assault. We perceive no rational basis for making such a distinction. It is the forcible penetration of the victim that is the gravamen of the offenses of rape and sexual abuse. The manner by which this penetration is accomplished is secondary; the offense to the victim and to society is equally great regardless of the manner by which the nonconsensual penetration is achieved. *See* Tex.Pen.Code Ann. § 22.011(a)(1)(A) (Supp. 1984), discussed *infra*. The only rational conclusion is that § 21.01(1)(B) includes the penetration of the genitals or anus by any object, animate or inanimate, except the male penis. Penetration by the penis falls within the scope of § 21.01(1)(A), the other definition of "deviate sexual intercourse," and § 21.01(3), defining "sexual intercourse."

Our interpretation of § 21.01(1)(B) is supported by testimony offered at a subcommittee hearing on a proposed amendment containing language identical to that ultimately adopted. Senator Farabee explained the proposal as follows:

The classic case we run across, committee members, is assault and rapes with a dildo, presently not under the law, would cover that—

. . . . .

—Another thing this does to us ... if we go out and find a rape victim and she was rendered unconscious when the rape occurred and then she cannot testify as to penetration with the male penis as the law requires but we can prove there is a penetration with physical findings from a doctor, well then it would give us the authority to do an aggravated rape based on the fact that we can prove penetration and we simply allege in the indictment that she was sexually assaulted with an object unknown to the grand jury, and would authorize us to prove these kind of cases when we've got an unconscious victim.

. . . . .

Under the present rape statute, as it applies to this, if you render a victim unconscious before you rape her, you get

a free shot, and we're trying to correct these holes with this bill also.[2]

Hearing on Tex.S.B. 174 and 113 Before the Subcommittee on Criminal Matters of the Senate Jurisprudence Committee, 67th Leg., March 3, 1981. At the same hearing, Roland V. Hines of the Dallas district attorney's office testified:

> Let me add a comment or two ... with respect to paragraph (1)(B), the penetration of the genitals or anus of another person with an object. The first thing I'll say there is that an objection that might be lodged there is that this object could also be a human penis, which would be an addition to that I think intended here, rather than saying foreign objects or something it simply says object. But I would simply point out that from strictly a prosecutorial point of view, the prosecutor is required to prosecute under the specific statute applicable to a given offense rather than the general, and since the definition of sexual intercourse would embrace this particular situation, bringing the offense under rape or aggravated rape, then we wouldn't have this particular concern and the word "object" would have to ... includes something other than the male sex organ.

*Id.*

Thus, it appears that the addition of subsection (1)(B) to § 21.01 was intended to authorize a conviction for sexual abuse whenever a sexual assault resulted in the penetration of the victim by any object known or unknown (unless the penetration constituted sexual intercourse). Obviously, the authors of the amendment anticipated that § 21.01(1)(B) would commonly be applied to cases involving penetration by an inanimate object, but it is also clear that those same persons were aware that the phrase "penetration ... with an object"

was broad enough to include penetration by a part of the human body, and intended it to be read as such.

We also find it instructive to consider the work of the 1983 Legislature with respect to sexual offenses. Effective September 1, 1983, the offenses of rape, sexual abuse, rape of a child, and sexual abuse of a child were merged into the single offense of sexual assault. Tex.Pen.Code Ann. § 22.-011 (Supp.1984). Subsection (a)(1)(A) of this section provides that:

> (a) A person commits an offense if the person:
>
> (1) intentionally or knowingly:
>
> (A) causes the penetration of the anus or vagina of another person who is not the spouse of the actor by any means, without that person's consent.

The use of the phrase "penetration ... by any means" to describe what in the predecessor statutes had been referred to as "sexual intercourse" and "deviate sexual intercourse" manifests an understanding by the legislature that the latter phrase is not limited to penetration by an inanimate object. Clearly, had the instant offense occurred after September 1, 1983, appellant's conduct would have constituted a violation of § 22.011(a)(1)(A).

We hold that deviate sexual intercourse, as defined by § 21.01(1)(B), means the penetration of the genitals or the anus of another person with any object, animate or inanimate, other than the male sex organ. There is no variance between the allegations in the petition and the evidence in this case.

The order is affirmed.

**2.** It is interesting to note that the attack on C.S. by *appellant implicates both of the concerns voiced by Senator Farabee.* The attack resulted in the penetration of C.S.'s genitals under circumstances that would have prevented prosecution for the assault under chapter 21 prior to

September 1, 1981. In addition, while C.S. ultimately testified that she had been penetrated by appellant's hand, her testimony was uncertain on this point because appellant and his companion had covered her face with a pillow to obscure her view.