Larry COACHMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0431–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 13, 1985.

Joe F. Cannon, Kris Woldy, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Marie Munier, Harris County Asst. Dist. Attys., Houston, for appellee.

EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury found appellant guilty of the offense of aggravated sexual abuse of a child and assessed his punishment at 22 years confinement. We affirm.

Appellant first asserts that the indictment under which he was convicted was fundamentally defective because it failed to state an offense.

The indictment states, in pertinent part, that appellant did:

with intent to arouse and gratify [his] sexual desire, engage in deviate sexual intercourse with S_____ F_____, hereafter styled the complainant, a person younger than fourteen years of age and not his spouse, *by inserting a finger and a syringe into the complainant's vagina.* (emphasis added).

"Deviate sexual intercourse" is defined as "the penetration of the genitals or the anus of another person with an object." Tex.Penal Code Ann. sec. 21.01(1)(B) (Vernon Supp.1985). Appellant asserts that a finger is not an "object" and therefore, the indictment fails to state an offense.

■ Appellant does not contend that a syringe is not an "object" within the meaning of the statute, and even if we assume that a finger is not an "object," the indictment is not fundamentally defective. The indictment properly alleged, in the conjunctive, two different ways of committing the offense of deviate sexual intercourse and the jury was charged in the disjunctive. *Vasquez v. State,* 665 S.W.2d 484, 486 (Tex. Crim.App.1984).

The Austin Court of Appeals has recently held that deviate sexual intercourse, as defined in the Texas Penal Code, means "the penetration of the genitals or the anus of another person with any object, animate or inanimate, other than the male sex organ." *C.M. v. State,* 680 S.W.2d 53, 56 (Tex.App.—Austin 1984, no pet.). The issue before that court was virtually identical to the issue in appellant's first ground of error, i.e., whether a *hand* was an "ob-

ject" within the meaning of the Texas Penal Code.

Appellant's first ground of error is overruled.

Appellant asserts in his second and third grounds of error that the trial court erred in overruling his pre-trial motion to dismiss for violation of his right to a speedy trial as guaranteed by the U.S. and Texas Constitutions and the Texas Speedy Trial Act.

The indictment charging appellant with the instant offense was filed September 3, 1982, and appellant made his first appearance in this cause on March 26, 1984. The state filed its announcement of ready on March 30, 1984. On June 28, 1984, appellant moved to dismiss on the ground that he had been denied a speedy trial, and that same day, the court overruled his motion and commenced trial.

In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court of Criminal Appeals has adopted a "balancing test." The four factors generally considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *Phipps v. State,* 630 S.W.2d 942, 946 (Tex.Crim.App.1982).

■ There was a delay of one year and approximately 300 days from the time this appellant was indicted to the time of trial. There is no precise length of delay which automatically constitutes a violation of appellant's right to a speedy trial, and each case must be considered individually. As the U.S. Supreme Court stated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):

The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent

upon the peculiar circumstances of the case.

407 U.S. at 530–31, 92 S.Ct. at 2192.

In this case, the length of the delay is attributable to the actions of both appellant and the complainant's mother.

The record reflects that officers of the Houston Police Department and members of the Harris County District Attorney's office attempted to locate appellant on several occasions between September 1982 and the time of his arrest in March 1984. Specifically, police officers attempted to execute the warrant at the address given them and found that appellant had moved away two days before. They then questioned neighbors and were told to try a "corner area" in northeast Houston. No one at that location was able to tell the officers where appellant could be found.

The Fugitive Apprehension Unit entered appellant's name, appellant's alias, and his driver's license and social security numbers into the NCIC–TCIC computer and ran additional checks on at least two occasions.

The court investigator assigned to the case went to a recommended "hang-out location" on several occasions in an attempt to determine appellant's whereabouts; he questioned several individuals there, supplying both appellant's given name and his alias, and showed appellant's photograph. This investigator also made periodic trips to appellant's previous addresses in the hope of locating him.

The complainant's mother testified at the motion hearing that she knew of the warrant for appellant's arrest, and admitted that she lied to the court investigator when asked where appellant was, because she did not want him to be arrested.

It is clear from the record that appellant did not undergo oppressive pre-trial incarceration. Neither does it appear that he suffered undue anxiety or concern. The only question remaining is whether the delay severely impaired his ability to defend himself. *See Green v. State*, 555 S.W.2d 738 (Tex.Crim.App.1977).

■ Appellant contends that the delay allowed the complainant to change from a possibly incompetent four year old witness to a possibly competent six year old witness. We find that appellant was as likely to benefit from the effect of the delay on the complainant's memory as he was to be harmed by it, and hold that he has failed to show prejudice resulting from the delay.

■ Based on the above, we hold that appellant's constitutional right to a speedy trial was not violated.

■ We also find that appellant's rights under the Texas Speedy Trial Act were not violated. Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1985) provides that the state must be ready for trial within 120 days of the commencement of a felony criminal action; in the instant case, the date of commencement was September 3, 1982, when the indictment was filed. Appellant relies on article 32A.02, section 4(4)(B), and maintains that the state failed to exercise due diligence in determining his location and failed to bring him to trial within the required 120-day period. However, the statute also provides that time periods in which the defendant's location was unknown because he was avoiding prosecution shall be excluded from the computation.

The attempts made by the state to locate appellant constitute evidence of due diligence, and appellant's actions and those of the complainant's mother clearly frustrated those attempts. According to the complainant's mother, appellant accompanied her to visit the children at Children's Protective Services on seven occasions and also accompanied her to a custody hearing once, after the filing of the indictment against him. However, there is no showing that the state was dilatory in failing to arrest him at those times. No reason existed for the police to assume that he would be present on those occasions, and the complainant's mother had told the investigator that she did not know anything about appellant's whereabouts and was no longer in contact with him.

Appellant's second and third grounds of error are overruled.

Appellant asserts in his fourth ground of error that the trial court erred in denying his motion for expert witness fees to examine the complainant, and for investigator's fees.

■ Tex.Code Crim.P.Ann. art. 26.05, sec. 1(d) (Vernon Supp.1985) permits the trial court to pay a reasonable fee to appointed counsel, not to exceed $500, for expenses incurred for investigation and for obtaining expert testimony. However, such payment is in the nature of reimbursement and it is to be made, subject to the court's discretion, after the expenses have been incurred. *Wallace v. State*, 618 S.W.2d 67, 70 (Tex.Crim.App.1981).

Appellant fails to explain why an expert witness was required to examine the complainant, and he confines his argument to the need for an investigator to locate defense witnesses. He specifically names "Phyllis Lee" as a vital witness to the defense and cites the following testimony to this court as an example of her importance:

DEFENSE COUNSEL: I would direct your attention back to August of 1982. And I think you're quite aware of what time we're talking about.
APPELLANT: Yes, sir.
DEFENSE COUNSEL: Where were you living in August of 1982?
APPELLANT: With Phyllis Lee.
DEFENSE COUNSEL: How long had you been living with Phyllis?
APPELLANT: About two months.
DEFENSE COUNSEL: Do you know where Phyllis Lee is now?
APPELLANT: No, sir.
DEFENSE COUNSEL: When is the last time you saw Phyllis Lee?
APPELLANT: About eight months ago.
DEFENSE COUNSEL: Why were you living with Phyllis Lee?
APPELLANT: Because me and Marva, we had gotten into a misunderstanding.

There is no showing that this witness would have been material to the defense.

Appellant also states that "there were others who clearly could have influenced [the complainant's] testimony," but he does not explain who they were or how they could have benefited him.

■ Under these circumstances, we find that the trial court did not abuse its discretion by refusing to authorize investigative expenses before they were incurred, and we overrule appellant's fourth ground of error.

Appellant asserts in his fifth and sixth grounds of error that the trial court erred in denying his motion in limine regarding the injection of heroin into the complainant, and that it also erred in permitting the doctor who examined the complainant to testify regarding the insertion of a needle into the vaginal walls of the complainant.

■ The trial court's denial of appellant's motion in limine presents nothing for appeal, because there was no testimony regarding the injection of heroin into the complainant. As appellant correctly asserts in his brief, "[n]owhere in the complainant's testimony is there any reason to believe that she was injected with any material of any sort." Appellant's fifth ground of error is overruled.

■ We also find no basis for appellant's contention that the trial court erred in admitting the expert testimony of Dr. Swanson, the physician who examined the complainant following the offense in question. The indictment alleged that appellant had inserted a syringe into the complainant's vagina and the complainant demonstrated, with the aid of anatomically correct dolls, those actions by appellant. Dr. Swanson testified that complainant's condition, at the time of her physical examination, was not inconsistent with vaginal manipulation and also that the insertion of a needle into the vaginal walls was not "out of the realm of the possible." It is a logical inference that the insertion of a syringe into the vagina of a four year old could leave needle marks in the vaginal walls. Therefore, the testimony of Dr. Swanson was relevant to

a contested fact or issue. The determination of the admissibility of evidence is within the sound discretion of the trial judge. *Stone v. State,* 574 S.W.2d 85, 89 (Tex. Crim.App.1978).

We overrule appellant's sixth ground of error.

Appellant asserts in his seventh and eighth grounds of error that the trial court erred in refusing to give him access to the entire file of Children's Protective Services with regard to this case, and specifically, that it erred in refusing to permit defense counsel to ascertain the name of the person who originally contacted Children's Protective Services.

These grounds of error, in effect, reiterate appellant's assertions in his fourth ground of error. He contends that he was thwarted in his attempt to find potential witnesses for the defense and, therefore, this case should be reversed and remanded.

■ The trial court granted appellant's motion to require the prosecution to list all of the state's witnesses to be called at trial, and appellant has not shown that the state failed to provide that list. As to the name of the person who had originally contacted Children's Protective Services and reported the offense in question, defense counsel elicited this information from his own witness, the complainant's mother, during trial. Appellant made no showing that he was prejudiced by the inaccessibility of the Children's Protective Services file.

■ Finally, under sec. 34.08, Texas Family Code Ann. (Vernon Supp.1985) all reports, records, and working papers used or developed in an investigation of child abuse are confidential and may be disclosed only for purposes consistent with the intent of the Texas Family Code. In the absence of a showing of necessity, the confidential nature of child abuse case reports should be maintained.

Appellant's seventh and eighth grounds of error are overruled.

In his final ground of error, appellant contends that the trial court erred in determining complainant to be a competent witness.

The general standard for the competency of witnesses to testify is found in Tex.Code Crim.P.Ann. art. 38.06 (Vernon 1979). That article states:

All persons are competent to testify in criminal cases except the following:

. . . .

2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

■ It is well settled that the determination of competency to testify rests within the discretion of the trial judge, who sees the witnesses and notices their demeanor and their apparent possession or lack of intellect. *See Clark v. State,* 659 S.W.2d 53 (Tex.App.—Houston [14th Dist.] 1983, no pet.); *See also Fields v. State,* 500 S.W.2d 500 (Tex.Crim.App.1973); *Williams v. State,* 439 S.W.2d 846 (Tex.Crim.App. 1969).

■ Appellant asserts that the trial court abused its discretion because complainant did not exhibit a clear understanding of the difference between the truth and a lie, could not narrate a story without some confusion, and gave many of her answers in response to leading questions. Neither inconsistencies in a child's testimony, including confusion about the obligation of the oath, nor the use of leading questions automatically render the child incompetent to testify. *Clark,* 659 S.W.2d 54; *e.g., Melton v. State,* 442 S.W.2d 687 (Tex.Crim.App.1969); *Smith v. State,* 410 S.W.2d 642 (Tex.Crim.App.1966).

The complainant underwent lengthy examination in this case, and her testimony is sufficiently coherent to be understood. Appellant directs this court to the following portion of the complainant's testimony for his assertion that she could not clearly narrate a story:

Q: Did you lock the bathroom door behind you?

A: No, ma'am. Then when I locked, then when I went back to unlock it and then when I unlocked it and then I let the window down and then I ran into my momma when she got back.

Q: Okay. Did you see your momma?

A: Yes, ma'am.

Q: Okay. Did you tell your momma what happened?

A: Yes, ma'am.

Q: Okay. What did she do?

A: She went to go to my doll.

Before this testimony, anatomically correct dolls were used by the complainant to demonstrate the specific actions that are the basis of the instant case. The complainant had been told that the female doll was herself, and that the male doll was appellant. When the demonstration was over, counsel neglected to tell the complainant that she should no longer use the dolls to identify the parties. Many of the "inconsistencies" which appellant notes in the complainant's testimony can be reconciled with the literal workings of a six-year-old mind, and do not show that she was unable to narrate.

Appellant's final ground of error is overruled, and the judgment of the trial court is affirmed.