COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-012-CV

 

 

J. DOE, INDIVIDUALLY AND AS NEXT                                  APPELLANTS



FRIEND
OF F. DOE AND R. DOE, CHILDREN

 

                                                      V.

 

TARRANT COUNTY DISTRICT                                                  APPELLEE

ATTORNEY=S
OFFICE

 

                                                  ------------

 

              FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                                OPINION

 

                                                  ------------








Appellants J. Doe,
individually, and as next friend of F. Doe and R. Doe (collectively, ADoe@) appeal
from a trial court order denying their cross-claim for writ of mandamus seeking
to compel appellee Tarrant County District 
Attorney=s Office (ADA@) to
formally disclose documents inadvertently released pursuant to a public
information request.  We affirm.

Background

Jacob Muniz pled guilty to
indecency with a child and was sentenced to four years= confinement.  The incident
occurred while Muniz was employed by Boys and Girls Clubs of Greater Fort
Worth, Inc. and Boys and Girls Clubs of America (collectively, the AClubs@).  F. Doe was a victim of Muniz=s crime.

In investigating potential
civil claims, Doe sent public information requests to the DA and to the Tarrant
County Sheriff=s Office
(the Asheriff=s office@) seeking documents relating to Muniz=s investigation, prosecution, and incarceration.  The sheriff=s office forwarded the request it received to the DA for review and
written response.[1]  The DA drafted a letter to the Attorney
General of Texas (the AAG@) asking for an opinion on whether 277 pages of the requested
documents were exempt from public disclosure.[2]  The DA, however, inadvertently sent this
letter, and the allegedly exempt documents, only to Doe. 








Doe sued Muniz and the Clubs,
alleging among other things that the Clubs negligently hired Muniz resulting in
the sexual assault of F. Doe.  Doe
provided the DA documents to the Clubs in discovery and used some of them in
depositions.  The DA, upon learning that
the AG had not received its letter requesting an opinion on Doe=s public information request, immediately sent Doe a formal written
demand seeking return of the documents and submitted a new letter to the AG
requesting an opinion regarding Doe=s requests.[3]  Doe refused to return the documents,
asserting that the DA failed to (1) timely request a decision from the AG, (2)
provide Doe with a written statement that the DA desired to withhold the
requested information, and (3) provide Doe with a copy of the DA=s request to the AG as required by section 552.301 of the government
code.[4]









The DA then intervened in the
underlying lawsuit and requested a protective order.  After a hearing, the trial court entered a
protective order requiring Doe to return all inadvertently disclosed documents
to the DA and to turn over for in camera inspection all originals and copies of
depositions taken in the litigation.  The
order further required Doe to submit an in camera letter identifying any party
and person to whom Doe had disclosed or further disseminated the
documents.  Finally, the order prohibited
all parties from further copying or duplicating, in any way, any of the
documents.

Thereafter, Doe filed a
cross-claim for writ of mandamus seeking an order requiring the DA to release
all the documents that had been inadvertently produced to Doe.  Doe asserted that the DA=s failure to timely request an AG opinion resulted in a presumption
that the documents were public and that the DA did not meet its burden to
overcome this presumption because the DA did not present any evidence of a Acompelling reason@ to withhold the documents.[5]  After a hearing on Doe=s cross-claim, the trial court found that there was a compelling
reason to withhold the documents and denied Doe=s writ of mandamus.  The trial
court severed the mandamus action from the underlying lawsuit, and Doe
perfected this appeal.[6]









Applicable Law

A.     Texas Public Information Act

The Texas
Public Information Act (the AAct@) requires
disclosure of public documents and information upon request to a governmental
entity.[7]  Information is considered public if it is Acollected, assembled, or maintained under a law or ordinance or in
connection with the transaction of official business: (1) by a governmental
body; or (2) for a governmental body and the governmental body owns the
information or has a right of access to it.@[8]  Section 552.021 of the Act
requires that public information be made available to the public during normal
business hours of the governmental body.[9]








However, some categories of
information that would otherwise be public under the Act are made confidential
by law other than the Act, and the Act excepts such information from the
disclosure requirement in section 552.021.[10]  Section 552.101 of the Act provides that A[i]nformation is excepted from the requirements of section 552.021 if
it is information considered to be confidential by law, either constitutional,
statutory, or by judicial decision.@[11]  A[G]overnmental compliance with confidentiality laws is mandatory, and
their protections may not be waived by governmental entities.@[12]

If a governmental agency
receives a written request for public information that it believes to be within
an exception to disclosure, the agency must ask the AG, in writing and within
ten days of receiving the request, for an opinion about the applicability of
the exception.[13]  Also within ten days of receiving the
request, the agency must notify the requestor of its decision to seek an AG
opinion and provide the requestor with a copy of the written communications to
the AG.[14]  If the agency fails to timely request an open
records decision from the AG, the information requested is presumed to be
subject to required public disclosure and must be released unless the
governmental agency provides a Acompelling reason@ to withhold the information.[15]








B.      Standard
of Review








Once the requested
information is presumed to be public information because of an agency=s failure to make a timely request for an AG opinion, the party
requesting the information may seek a writ of mandamus to compel release of the
information.[16]  An action for a writ of mandamus initiated in
the trial court is a civil action subject to appeal like any other civil suit.[17]  Accordingly, although pled as a mandamus
action, we do not employ the abuse of discretion standard applicable to
original proceedings in the appellate courts.[18]  Rather, we review the trial court's findings
of fact and conclusions of law, whether express or implied, in accordance with
the standards generally applicable to a trial court's findings and conclusions
in any civil matter.[19]  That is, we review findings of fact for legal
and factual evidentiary support, and we review conclusions of law de novo.[20]

In a trial to the court where
no findings of fact or conclusions of law are filed, the trial court=s judgment implies all findings of fact necessary to support it.[21]  Where a reporter=s record is filed, however, these implied findings are not conclusive,
and an appellant may challenge them, as Doe tacitly does here, by contesting
the legal sufficiency of the evidence to support such implied findings.[22]  The judgment must be affirmed if it can be
upheld on any legal theory that finds support in the evidence.[23]








We may sustain a legal
sufficiency challenge only when (1) the record discloses a complete absence of
evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a vital
fact.[24]  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable fact-finder could and
disregard evidence contrary to the finding unless a reasonable fact-finder
could not.[25]








Whether information is
subject to the Act and whether an exception to disclosure applies to the
information are questions of law involving statutory construction.[26]  We review a trial court=s construction of a statute de novo.[27]  The overriding goal of statutory
interpretation is to determine the legislature's intent.[28]  When possible, the court must find
legislative intent in the plain and common meaning of the words used in the
statute.[29]  Moreover, in construing statutes, we give due
consideration to AG decisions even though they are not binding.[30]  This is especially so in cases involving
public information requests, as the legislature has imposed on the AG the duty
to provide written opinions to governmental entities that seek to withhold
information requested under the Act.[31]


Analysis

A.     Section
552.101 Exemptions from Disclosure








Doe requested documents from
the DA that fall into three categories: (1) documents used or developed in the
investigation of abuse or neglect of a child; (2) Muniz=s Tarrant County Jail visitation cards; and (3) National Crime
Information Center (ANCIC@) and Texas Crime Information Center (ATCIC@) reports.[32]  Doe=s first issue on appeal is whether the DA, after not timely seeking an
open records ruling, failed to present any evidence of a compelling reason
sufficient to rebut the presumption that the information Doe requested is
public information.[33]  Relying on section 552.101,[34]
the DA argues that these documents are exempt from public disclosure because
they are Aconfidential
by law@ and, therefore, the requirement in section 552.302 that the
governmental body must timely request an AG opinion or else the information is
presumed to be open does not apply. 
Alternatively, the DA argues that it presented Acompelling reasons@ to withhold the documents.  We
agree with the DA that it demonstrated compelling reasons to withhold the
information.[35]








1.      Compelling Reasons

Relying
heavily on this court=s opinion in
Simmons v. Kuzmich,[36]
Doe asserts that the DA=s failure to
timely request an AG opinion means that the documents are presumed to be public
information and that the DA was obligated to provide evidence of a compelling
reason to withhold the documents.  In Simmons,
this court held that a governmental entity attempting to overcome the
presumption cannot simply assert an exception to disclosure; rather, the entity
must present evidence of a compelling reason to prevent disclosure under that
exception.[37]  In reaching this conclusion, however, we did
not examine what would constitute a Acompelling reason@ for a governmental actor to withhold information.  We held only that whether an exception
applies is a different inquiry than whether there is a compelling reason to
withhold information and that the governmental actor must do both in order to
withhold information.[38]








The AG has articulated a Ageneral rule@ about what
constitutes a Acompelling
reason@ to withhold information from the public in light of the section
552.302 presumption of openness. 
Specifically, the AG has identified two Acompelling reasons@ for a governmental actor to withhold information:

[T]his presumption may be
overcome where [1] the information at issue is deemed confidential by some
source of law outside the [A]ct, and is therefore excepted from disclosure by
section 552.101 . . . , or [2] where the interest of a third  party is at stake.  For example, where information is
confidential by statute or implicates the privacy interests of a third party,
the information must be withheld from public disclosure even though the
governmental body maintaining the information has failed to make a timely
request for an open records decision.[39]








Statutory and case law
support the AG=s general
rule.  The Act itself provides a Acompelling reason@ for a governmental actor to withhold information by imposing criminal
penalties on any person who Adistributes information considered confidential under the terms of
[the Act].@[40]  Moreover, the Corpus Christi
Court of Appeals recently agreed with the AG that a governmental actor
demonstrates a Acompelling
reason@ to withhold information when that actor establishes that the
information is confidential by statute.[41]  And the Texas Supreme Court has recognized
that an Aindividual does not forfeit all right to control access to intimate
facts concerning his personal life merely because the State has a legitimate
interest in obtaining that information.@[42]








Accordingly, we conclude that
a governmental actor demonstrates a Acompelling reason@ to withhold public information when the actor shows that (1) it is
prohibited by statute from disclosing certain information and, therefore, that
information is exempt from disclosure under section 552.101, or (2) the
disclosure of the information implicates the constitutionally protected privacy
interest of a party other than the governmental body.[43]

2.      Information that is confidential by statute

Doe=s open records request sought information regarding investigations
into allegations of child abuse, and it also sought NCIC and TCIC reports.  The DA urged, and the trial court held, that
the DA had a compelling reason to withhold this information because it is made
confidential by statute.

a.      Family Code Section 261.201

Section 261.201 of the Family
Code clearly removes information within its scope from disclosure under the
Act.  That section declares the
following:

(a)     The following information
is confidential, is not subject to public release under [the Act], and may be
disclosed only for purposes consistent with this code and applicable federal or
state law or under rules adopted by an investigating agency:

 

(1) a report of alleged or suspected abuse or neglect made under this
chapter and the identity of the person making the report; and

 








(2) except as otherwise provided in this section, the files, reports,
records, communications, audiotapes, videotapes, and working papers used or
developed in an investigation under this chapter or in providing services as a
result of an investigation.[44]

 

Confidentiality is central to the family code
provisions governing the reporting of child abuse,[45]
and the State has a compelling interest in protecting the confidentiality of
information used or obtained in an investigation of alleged or suspected child
abuse.[46]

The terms of section 261.201
alone provide a Acompelling
reason@ for the DA to withhold some of the information Doe requested.  By expressly exempting information within the
scope of section 261.201 from the scope of the Act, the legislature imposed on
the governmental body a duty to maintain the confidentiality of that
information.








Accordingly, the only issue
for the trial court to resolve was whether the documents contained information
within the scope of section 261.201. 
Because the trial court did not enter findings of fact or conclusions of
law, we must affirm the trial court=s order if there is any evidence to support the conclusion that the
information is within the scope of section 261.201.[47]  The trial court took judicial notice of the
entire record in this proceeding.  The
record included the documents at issue, which had been submitted in camera to
the trial court.  The record also included
the AG ruling provided in response to Doe=s open records request, in which the AG determined that those
documents identified by the DA as within the scope of section 261.201 Amust [be] withh[e]ld . . . under section 552.101.@[48]  This was sufficient evidence
for the trial court to have determined that some of the documents were within
the scope of section 261.201 and, therefore, the DA had a compelling reason to
withhold them from disclosure.

b.      Government Code Section 411.083








Doe also sought information
contained in NCIC and TCIC reports relating to Muniz.  Section 411.083 of the Government Code
provides that A[c]riminal
history record information maintained by the [Department of Public Safety] is
confidential information for the use of the department and, except as provided
by this subchapter, may not be disseminated by the department.@[49]  As with the other categories
of documents at issue here, the AG has consistently held that information
within the scope of section 411.083 is exempt from disclosure by section
552.101.[50]

As with the documents under
section 261.201, the trial court was provided the NCIC and TCIC reports for in
camera review.  Section 411.083 provides
a compelling reason to withhold such reports. 
The trial court did not err in denying mandamus relief to Doe regarding
these reports.

3.      Information that is confidential by constitutional law








Relying on the exemption in
section 552.101 for information that is confidential based on constitutional
law, the DA sought to withhold from disclosure to Doe visitation logs and other
materials reflecting communications between Muniz and other persons.  The AG has opined that such information is
exempted from disclosure under the Act because it implicates the
constitutionally protected privacy interests of third parties.[51]  In particular, it is established constitutional
law that, subject to regulations reasonably related to the state=s interest in the order and security of penal institutions, inmates
and private persons have a constitutional privacy interest in maintaining the
confidentiality of correspondence and communications between them.[52]

As with documents reflecting
information made confidential by statute, the record included documents
reflecting Muniz=s
communications with private persons, as those documents were submitted in
camera.  This information is exempt from
disclosure under the Act because it is confidential by constitutional law.  Accordingly, the trial court did not err in
concluding that the information in these documents was exempt from disclosure.

Having concluded that the DA
showed a compelling reason to withhold the documents at issue, we overrule Doe=s first issue.

B.      Deposition
Transcripts








Doe=s second issue on appeal alleges that the trial court abused its
discretion in removing entire witness deposition transcripts from the record,
without conducting an in camera inspection. 
Doe, however, wholly failed to provide us with any argument or
authorities in support of this issue as required by appellate rule 38.1(h).[53]  An issue on appeal unsupported by argument or
citation to any legal authority presents nothing for the court to review.[54]  Issue two is overruled.

Conclusion

Having overruled both of Doe=s issues on appeal, we affirm the trial court=s judgment. 

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
October 9, 2008                                  

 











[1]As
legal counsel to the sheriff=s office, the DA provides
legal advice concerning open records requests. 






[2]Tex.
Gov=t
Code Ann. ' 552.301
(Vernon Supp. 2008) (requiring governmental entity that wishes to withhold
documents from disclosure pursuant to open records request to timely seek and
obtain written ruling from AG).





[3]The
AG provided a letter ruling in response to the DA=s
request.  Tex. Att=y
Gen. OR2006-09590 (2006).  In addition to
addressing the DA=s
claims of confidentiality, this letter noted, without discussing the error in
sending the original request to Doe, that the DA=s
request was untimely.





[4]Tex.
Gov=t
Code Ann. '
552.301.  





[5]See
id.' 552.302
(providing that when governmental body fails to timely request AG opinion,
documents are subject to public disclosure unless there is a compelling reason
to withhold them), ' 552.321 (Vernon 2004)
(providing that if governmental body does not request AG opinion or refuses to
supply public information, requestor may file suit for writ of mandamus
compelling disclosure).  The DA does not
contest that its AG request was untimely.





[6]Doe
also fled a petition for writ of mandamus seeking the same relief sought by way
of this appeal.  This court denied Doe=s
mandamus petition.  In re Doe, No.
02-07-00010-CV, 2007 WL 530008 (Tex. App.BFort Worth, Feb. 22, 2007,
orig. proceeding).





[7]See
generally id. '' 552.001B.353
(Vernon 2004 & Supp. 2008).





[8]Id. ' 552.002(a).





[9]Id. ' 552.021.





[10]See,
e.g., id. '' 552.101,
552.022(a), (b).





[11]Id. '
552.101.  Section 552.022 of the Act also
creates exceptions to disclosure for information that is Aexpressly@
confidential Aunder
other law.@  Id. '
552.022(a), (b).  These provisions are
not at issue in this appeal.





[12]In re
City of Georgetown, 53 S.W.3d 328, 340 (Tex. 2001) (Abbott, J.,
dissenting).





[13]Tex.
Gov=t
Code Ann. '
552.301(a), (b). 





[14]Id. '
552.301 (d). 





[15]Id. '
552.302.  





[16]Id. ' 552.321;
see Simmons v. Kuzmich, 166 S.W.3d 342, 348 (Tex. App.CFort
Worth 2005, no pet.).





[17]Anderson
v. City of Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991); City
of Fort Worth v. Abbott, 258 S.W.3d 320, 323 (Tex. App.CAustin
2008, no pet.).





[18]Simmons, 166
S.W.3d at 348.  Although Doe=s
issues on appeal are framed in terms of the abuse of discretion standard, we
review Doe=s
issues under the appropriate standards of review.  Id. at 348 n.2.





[19]Anderson, 806
S.W.2d at 794 n.2; Simmons, 166 S.W.3d at 346.





[20]Simmons, 166
S.W.3d at 346; Dallas Area Rapid Transit v. City of Dallas, 4 S.W.3d
469, 473 (Tex. App.CDallas
1999, no pet.).





[21]Pharo
v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).





[22]Tex.
R. App. P. 34.6(c)(4); BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 795 (Tex. 2002).





[23]Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).





[24]Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 Tex. L. Rev. 361, 362B63
(1960).





[25]City
of Keller v. Wilson, 168 S.W.3d 802, 807, 827 (Tex. 2005).





[26]City
of Garland v. Dallas Morning News, 22 S.W.3d 351, 357 (Tex.
2000) (plurality opinion); Simmons, 166 S.W.3d at 345B46.





[27]City
of Garland, 22 S.W.3d at 357; Simmons, 166 S.W.3d at
346.





[28]Cont=l
Cas. Co. v. Downs, 81 S.W.3d 803, 805 (Tex. 2002).





[29]Thomas
v. Cornyn, 71 S.W.3d 473, 481 (Tex. App.CAustin
2002, no pet.).





[30]Jackson
v. Tex. Dep=t of
Pub. Safety, 243 S.W.3d 754, 758 (Tex. App.CCorpus
Christi 2007, pet. denied) (citing Pack v. Crossroads, Inc., 53 S.W.3d
492, 504 (Tex. App.CFort
Worth 2001, pet. denied)).





[31]Id.





[32]Specifically,
Doe requested the following:  Muniz=s
Tarrant County Jail telephone call log and telephone record verification and
match results; Muniz=s
Tarrant County Jail visitation log; Muniz=s Tarrant County Jail
disciplinary records; all Texas Department of Criminal Justice documents
providing information relating to Muniz=s 1980 and 1988 convictions;
penitentiary packets; F. Doe=s school, medical, and psychological
records; all witness statements and summaries of witness statements; names,
addresses, and telephone numbers of all witnesses the DA interviewed or
contacted; all documents pertaining to the criminal history of any witness or
victim; and diagrams, maps, or sketches of the Clubs=
buildings.





[33]The
DA identified almost 1,000 documents that it was willing to provide to Doe upon
payment of the appropriate fees.  See
Tex. Gov=t
Code Ann. '
552.2615(a) (requiring governmental body, if request for information will
result in costs over $40.00, to provide cost estimate to requestor identifying
and explaining charges to be imposed). 
Those documents are not the subject of this appeal; the only documents
at issue here are those the DA sought to withhold.





[34]Id. '
552.101. 





[35]Because
we conclude that the DA provided evidence to support the trial court=s
determination that there were compelling reasons to withhold the documents from
disclosure, we do not reach the DA=s argument that it was not
required to show a compelling reason.





[36]166
S.W.3d 342 (Tex. App.CFort
Worth 2005, no pet.).





[37]Id. at
350.





[38]Id. (A[T]he
governmental body must . . . show that its claimed exception to disclosure
falls within one of the statutory exceptions to disclosure and how that
exception creates a compelling reason to withhold the information.@); see
id. at 351B52
(Cayce, C.J., dissenting) (stating that, by presenting evidence that releasing
information could compromise criminal investigation, governmental actor
demonstrated compelling reason to withhold information).





[39]Tex.
Att=y
Gen. ORD-630 (1994); see also Tex. Att=y
Gen. ORD-150 (1977) (AThis
presumption [of openness after a governmental actor fails to timely request an
AG opinion] can only be overcome by a compelling demonstration that the
information should not be released to the public, as might be the case if the
information is deemed confidential by some other source of law, or if an
exception designed to protect the interest of a third party is applicable.@).





[40]Tex.
Gov=t
Code Ann. '
552.352; see also Tex. Att=y Gen. ORD-676 (2002) (ASection
[552.101] . . . refers to information that a governmental body may not choose
to release, and the improper disclosure of which results in criminal penalties
under the [Act].  Thus, when section
552.101 applies, the [Act] prohibits the governmental body from disclosing the
information.@)
(footnotes omitted).





[41]Jackson, 243
S.W.3d at 757B58
(holding that Transportation Code section 552.051 prohibits disclosure of
information in basic driver=s license record file, and
because TDPS demonstrated that statute required TDPS to maintain
confidentiality of this information, TDPS satisfied burden to show compelling
reason to withhold information).





[42]Indus.
Found. of the S. v. Tex. Indus. Accident Bd., 540 S.W.2d 668, 679
(Tex. 1976), cert. denied, 430 U.S. 931 (1977).  The AG has also consistently opined that the
Act does not compel disclosure of information where Arelease
of that information would impair some constitutional right.@  Tex. Att=y Gen. ORD-430 (1985)
(holding that lists of persons who visited with inmates are exempt from
disclosure because information is confidential by constitutional law); see
also Tex. Att=y
Gen. ORD-185 (1978) (holding that logs of inmate correspondence are
confidential by constitutional law); Tex. Att=y
Gen. ORD-100 (1975) (holding that portions of library circulation records
linking identities of individual patrons to materials accessed by those patrons
are confidential by constitutional law).





[43]Tex.
Gov=t
Code Ann. ''
552.101, 552.302; Indus. Found., 540 S.W.2d at 678-79; Jackson,
243 S.W.3d at 757B58; see
also supra n.39.  We emphasize that
this opinion should not be construed as identifying the only Acompelling
reasons@ to
withhold information; there may be other such reasons that are not relevant to
the disposition of this appeal.





[44]Tex.
Fam. Code Ann. '
261.201(a) (Vernon Supp. 2008); see also Coachman v. State, 692 S.W.2d
940, 945 (Tex. App.CHouston
[1st Dist.] 1985, writ ref=d).





[45]See
Tex. Dept. of Human Servs. v. Benson, 893 S.W.2d 236, 242 (Tex.
App.CAustin
1995, writ denied).





[46]See
Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S. Ct. 989, 1001
(1987) (describing compelling interest in protecting child-abuse information); Benson,
893 S.W.2d at 242 (noting purpose of confidentiality protections in family code
to encourage reporting of suspected child abuse).





[47]Worford, 801
S.W.2d at 109.





[48]Tex.
Att=y
Gen. OR2006-09590 (2006).





[49]Tex.
Gov=t
Code Ann. '
411.083 (Vernon Supp. 2008).





[50]See,
e.g., Tex. Att=y
Gen. OR2008-12058 (2008), OR2008-12002 (2008). 





[51]Tex.
Att=y
Gen. ORD-430 (1985), ORD-428 (1985), ORD-185 (1978).





[52]See
supra n.50.





[53]See Tex.
R. App. P. 38.1(h) (AThe
[appellate] brief must contain a clear and concise argument for the contention
made, with appropriate citations to authorities and to the record.@).





[54]Strange
v. Cont=l
Cas. Co., 126 S.W.3d 676, 678 (Tex. App.CDallas
2004, pet. denied), cert. denied, 543 U.S. 1076 (2005).