NUMBER
13-01-635-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JEROME LOPEZ,                                                                              Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                        of
De Witt County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 

 

            








Appellant, Jerome Lopez, was found guilty of
aggravated sexual assault of a child, see Tex. Pen. Code Ann. ' 22.021 (a)(1)(B)(i) (Vernon Supp. 2004-05), and
sentenced to ninety-nine years= imprisonment. 
Appellant now appeals the adjudication of guilt.  We affirm the judgment of the trial court. 

Anders Brief

Appellant=s counsel filed an Anders brief with
this Court in which she concludes, after careful investigation, the appeal is
frivolous and without merit.  See
Anders v. California, 386 U.S. 738, 744 (1967).  The brief presents a professional evaluation
showing why there is no basis to advance an appeal.  See Stafford v. State, 813 S.W.2d 503,
509-10, 510 n.3 (Tex. Crim. App. 1991). 
We conclude counsel=s brief meets the requirements of Anders.  See Anders, 386 U.S. at 744-45; High
v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel also informed appellant that he had
the right to file a pro se appellate brief and to review the record.  See McMahon v. State, 529 S.W.2d 771,
772 (Tex. Crim. App. 1975); Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.BWaco 1994, pet. ref=d)
(per curiam).      

In the Anders brief, counsel raises two
potential issues:  (1) the court failed
to declare the victim incompetent to testify, and (2) appellant was afforded
ineffective assistance of counsel.  








We first address appellant=s argument regarding the court=s failure to declare the victim=s (C.M.) testimony inadmissible on the grounds she
was incompetent.  A child is deemed
incompetent to testify if, Aafter being examined by the court, [she] appears not
to possess sufficient intellect to relate transactions with respect to which
[she] is interrogated.@   See Tex. R. Evid. 601(a)(2).  Rule 601(a)(2) Aplaces
the power to determine a witness= competency into the hands of the trial judge.@  Broussard
v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995).  A ruling by the trial court on this issue
will not be disturbed upon review unless an abuse of discretion is shown.  See id. 

Appellant took issue with C.M.=s inability to distinguish between the definitions
of a truth and a lie.  However, when
counsel posed a series of hypothetical true and false statements to C.M. in
order to determine her level of understanding, her responses demonstrated that
she was in fact aware of the concepts of truth and falsity and able to apply
these concepts.  Appellant also asked
C.M. if she knew what an oath was, which she did not.  However, as stated in Fields v. State,
500 S.W.2d 500, 502 (Tex. Crim. App. 1973), Aeven
though a child states he does not know the meaning of an oath or what it means
to swear, he may nevertheless be a competent witness if he knows it is wrong to
lie.@  C.M.
testified that she knew it would be bad to tell a lie, thereby demonstrating an
understanding of the concept.  Therefore,
we conclude the trial court did not abuse its discretion in finding C.M.
competent to testify.  This issue is
overruled.      








Appellant also alleges that there may be error
resulting from ineffective assistance of counsel.  Appellant argues that his attorney was
obligated to object to C.M.=s testimony and preserve the error for appeal.  Further, he argues that the proper standard
of review to be used for this error should be that of United States v.
Cronic, 466 U.S. 648 (1984).  Cronic
held that ineffective assistance of counsel will be presumed when there exist
circumstances that are egregiously prejudicial. 
See Cronic, 466 U.S. at 658. 
After a thorough review of the record, we conclude there are no
egregiously prejudicial circumstances here. 
This Court evaluates the effectiveness of counsel in circumstances such
as this based on the Strickland standard of review, which is well‑established
and unnecessary to repeat here.  See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Munoz v. State,
24 S.W.3d 427, 433‑34 (Tex. App.BCorpus Christi 2000, no pet.) (applying the Strickland
standard).  As the record shows,
appellant=s attorney did object and preserve this potential
issue.  Before C.M. testified, counsel
asked to approach the bench, whereby the jury left the room and the trial court
indicated that counsel had an Aobjection or question about the competency of the
witness.@  Thereafter,
the trial court ruled that C.M. was competent and asked that the jury be
brought back in.  Counsel=s specific grounds for objecting were apparent from
the context and the trial court implicitly ruled on the objection.  See Tex.
R. App. P. 33.1.  Furthermore,
there is no other evidence in the record demonstrating any ineffectiveness by
counsel.    

We agree with counsel and conclude that appellant=s two issues are without merit.

Independent Review

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).








In conducting our independent review, we note that
appellant filed a pro se motion in which he requested that this Court allow him
to present an Aoral@ brief. 
According to his motion, his poor health as well as a conspiracy against
him by various agencies prevents him from filing a written brief.  However, we decline to grant this motion,
given that we find no exception in the rules of appellate procedure or case law
allowing us to consider an Aoral@ brief. 
Furthermore, we have independently reviewed the entire record and find
no meritorious grounds for appeal, which leads us to conclude that an Aoral@ brief would not be helpful or necessary in this
case.  We conclude that the appeal is
wholly frivolous.  See Stafford,
813 S.W.2d at 509.[1]  Accordingly, we affirm the judgment of the
trial court.        

Motion to Withdraw

Counsel has requested to withdraw from further
representation of appellant on this appeal. 
An appellate court may grant counsel=s motion
to withdraw filed in connection with an Anders brief.  Moore v. State, 466 S.W.2d 289, 291
n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at 511.  We grant counsel=s motion to withdraw and order her to notify
appellant of the disposition of his appeal and the availability of
discretionary review.  See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

Conclusion

The judgment of the trial court is affirmed.

 

 

 

 

 








 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

Concurring Opinion by
Justice Castillo.                                                                                                                                         

Memorandum
Opinion delivered and filed

this
12th day of January, 2006.

 

 

 











[1]The concurring opinion describes
our discussion here as Aconclusory@ and inconsistent with the
requirements of Penson v. Ohio, 488 U.S. 75, 80 (1988).  We respectfully disagree, and we consider our
analysis fully compliant with Penson, Anders, and the decision
from the Texas Court of Criminal Appeals in Bledsoe v. State, No.
PD-300-04, 2005 Tex. Crim. App. LEXIS 1969, at *10-11 (Tex. Crim. App. Nov. 16,
2005).  As the court of criminal appeals
stated in its conclusion in Bledsoe: 

[T]he court of appeals is not
required to review the merits of each claim raised in an Anders brief or a pro
se response. The court's duty is to determine whether there are any arguable
grounds and if there are, to remand to the trial court so that new counsel may
be appointed to brief the issues. . . . Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.

Id. (emphasis added).