02-10-443-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00443-CR

 

 


 
 
 Jerry Don Deer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM County
Criminal Court No. 9 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

A
jury found Appellant Jerry Don Deer guilty of two counts of harassment. The
trial court sentenced him to 180 days in jail and a $1,000 fine, probated for two
years.  Appellant perfected this appeal and raises two issues:  first, that a
child witness lacked competency to testify and second, that his trial counsel
was ineffective.  For the reasons set forth below, we will affirm the trial
court’s judgment.

          Appellant
is divorced from Jane.[2]  A divorce court order
prohibited Appellant and Jane from monitoring calls between their three minor
children and the other parent.  On August 28, 2009, Appellant called Jane’s
house to speak with his youngest child, Joe.  Joe reported to Jane that
Appellant had told him to come and say some things to her.  The things Joe said
were disturbing and caused Jane to record the remainder of the conversation
that occurred between Joe and Appellant by placing a digital camcorder next to
the speaker phone through which Joe was speaking to Appellant.  During the recorded
portion of the conversation, Appellant threatened to assault and murder Jane.

          In
his first point of error, Appellant claims that the trial court abused its
discretion by determining that Joe was competent to testify.  The record
reflects that the trial court questioned Joe regarding his understanding of the
difference between the truth and a lie and that Joe was administered an oath to
tell the truth.  See Tex. R. Evid. 601(a)(2), 603.  Joe then testified
without objection; the State points out and Appellant concedes that he did not
assert any objection to Joe’s testimony.  To preserve an issue for appellate
review, an appellant must make a specific objection to the trial court at the
time the alleged error arises and must obtain a ruling on the objection.  Tex.
R. App. P. 33.1(a).  Because Appellant did not object to Joe’s testimony at
trial on the basis of incompetency, Appellant has failed to preserve the issue
and may not raise it for the first time on appeal.  See De Los Santos v.
State, 219 S.W.3d 71, 80 (Tex. App.––San Antonio 2006, no pet.); see
also, e.g., Fields v. State, 500 S.W.2d 500, 501–02 (Tex. Crim. App.
1973) (trial objection to child’s competency made and issue reviewed on
appeal); Davis v. State, 268 S.W.3d 683, 699–700 (Tex. App.––Fort Worth
2008, pet. ref’d) (same).[3]  We overrule Appellant’s
first point.

          In
his second point, Appellant claims that his trial attorneys were ineffective
because they failed to object to the admission of State’s Exhibits 1 and
1A––recordings of a phone conversation between Appellant and Joe, because they
failed to object to Joe’s testimony on competency grounds, because they failed
to object to leading questions, because they failed to conduct a proper
investigation, because they failed to move for a directed verdict, and because
they failed to understand the law applicable to the case.  

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex. Crim.
App. 2009).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether
counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is
highly deferential, and the reviewing court indulges a strong presumption that
counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 813–14.  “‘In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.’”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65
S.W.3d at 63).  To overcome the presumption of reasonable professional
assistance, “‘any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.’”  Id. (quoting Thompson, 9 S.W.3d at 813).  It
is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

          The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.  In other words, an appellant must show there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

There
is no requirement that we approach the two-pronged inquiry of Strickland
in any particular order, or even that we address both components of the inquiry
if the defendant makes an insufficient showing on one component.  Id. at
697, 104 S. Ct. at 2069.

The
trial court possesses broad discretion to admit evidence, to determine a
witness’s competency, and to permit leading questions on direct examination.  Accord
Davis, 268 S.W.3d at 699 (“A trial court’s determination of whether a
child witness is competent to testify and its ruling on the issue will not be
disturbed on appeal absent an abuse of discretion.”); Salazar v. State,
38 S.W.3d 141, 153–54 (Tex. Crim. App.) (“We review [evidentiary rulings] under
an abuse of discretion standard . . . ”), cert. denied, 534 U.S. 855
(2001); Wyatt v. State, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000) (“[P]ermitting
leading questions on direct examination is a matter within the sound discretion
of the trial court.”).

Generally,
an isolated failure to object to certain procedural mistakes or improper
evidence does not constitute ineffective assistance of counsel.  See Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); see also Scheanette
v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an ineffective
assistance claim must “‘be firmly founded in the record’”), cert. denied,
543 U.S. 1059 (2005) (quoting Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002)).  When the record is silent as to counsel’s reason for
failing to object––unless the record establishes that no reasonable trial
strategy could justify counsel’s conduct because counsel’s performance falls
below an objective standard of reasonableness as a matter of law––the appellant
has failed to rebut the presumption that counsel acted reasonably.  Thompson,
9 S.W.3d at 814 (silent record fails to rebut presumption of reasonableness); see
also Cannon v. State, 252 S.W.3d 342, 349–50 (Tex. Crim. App. 2008)
(defense counsel’s refusal to participate in trial because of recusal motion he
had filed against judge resulted in ineffective assistance of counsel for
defendant); Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005)
(no reasonable trial strategy for failure to object to prosecutor’s
misstatement of law).

Here,
Appellant did not claim ineffective assistance of counsel in his motion for new
trial, so the record before us is silent as to defense counsels’ reasoning or
motives in failing to object to the admission of State’s Exhibits 1 and 1A,
failing to object to Joe’s competency to testify, and failing to object to
leading questions propounded to Joe and Jane.  And based on the record before
us, trial counsels’ failure to assert these objections is not so egregious that
no reasonable trial strategy could justify counsels’ conduct; their failure to
assert these objections does not fall below an objective standard of
reasonableness as a matter of law.

Appellant
also alleges that his trial attorneys were ineffective because they failed to
conduct a proper investigation, failed to move for a directed verdict, and failed
to understand the law applicable to the case.  Concerning the alleged failure
to properly investigate, the record before us is silent as to the extent of
counsel’s investigation.  We cannot discern what investigation was performed or
not performed, and we cannot presume that no investigation was made.  When the
record is silent as to the extent of counsel’s investigation, the first prong
of Strickland is not met.  See, e.g., Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Cantu v. State, 993 S.W.2d
712, 718 (Tex. App.––San Antonio 1999, pet. ref’d).

Concerning
the failure to move for a directed verdict, Appellant claims there is no
evidence that Joe felt harassed, worried, alarmed, abused, tormented, or
embarrassed by Appellant’s threats to assault or murder Jane and that,
therefore, his trial counsels’ performance was deficient for not moving for a
directed verdict based on lack of evidence of this element of the offense.  See
Tex. Penal Code Ann. § 42.07 (West 2011) (setting forth offense of
harassment).  As pointed out by the State, however, proof of how Joe felt after
hearing Appellant threaten to assault or murder Jane is not an element of the
offense.  Instead, the State was required to prove that Appellant intended
for his threat to cause Joe to feel harassed, worried, alarmed, abused,
tormented, or embarrassed and that the threat was conveyed in a manner
reasonably likely to alarm Joe.  See Blount v. State, 961 S.W.2d 282,
284 (Tex. App.––Houston [1st Dist.] 1997, pet. ref’d).  Appellant’s intent may
be inferred from his words, actions, and conduct.  See id.  Thus, the
record before us does not support Appellant’s contention that his trial
counsels’ performance fell below the standard of prevailing professional norms
by failing to move for a directed verdict on the ground that no evidence existed
that Joe felt harassed, worried, alarmed, abused, tormented, or embarrassed by
Appellant’s threat. 

Concerning
the alleged failure to properly understand the case law, Appellant argues that
his defense attorneys were ineffective for attempting to mount an intoxication
defense when voluntary intoxication is not a defense to any offense.  See
Tex. Penal Code Ann. § 8.04(a) (West 2011) (providing that evidence of
voluntary intoxication does not negate the elements of intent or knowledge). 
Appellant’s attorneys questioned him on direct examination about his use of medications
and alcohol on the night that he made the threats in the phone conversation
with Joe; Appellant testified that he had very intense feelings of missing his
son and that the medications and alcohol intensified his feelings and impaired
his judgment at the time he had the conversation with Joe.  The State failed to
request a jury instruction on voluntary intoxication, and Appellant’s trial
attorneys were able to argue during closing argument that Appellant had taken
medications, had been drinking alcohol, and “was overwrought and making some
bad choices, but it was not his intent to harm anyone.”  Reviewing the record
before us, giving deference to counsel’s performance, and indulging in a strong
presumption that counsels’ conduct fell within a wide range of reasonable
representation, we hold that Appellant has not shown by a preponderance of the
evidence that his counsels’ decision to argue intoxication fell below the
standard of prevailing professional norms.

Finally,
Appellant argues that the totality of these errors by counsel resulted in
ineffective assistance of counsel.  Because we have held that the record before
us does not support a conclusion that the complained-of conduct by Appellant’s
attorneys fell below the standard of prevailing professional norms, the alleged
conduct cumulatively did not fall below the standard of prevailing professional
norms.  See Rodriguez v. State, 336 S.W.3d 294, 303 (Tex. App.––San
Antonio 2010, pet. ref’d) (holding that because “appellant did not meet her
burden of establishing individual instances of ineffective assistance of
counsel, we hold that she cannot show an adverse cumulative effect from the
actions of trial counsel”).  We overrule Appellant’s second point.

Having
overruled both of Appellant’s points, we affirm the trial court’s judgment.  

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]We use pseudonyms for
Appellant’s ex-wife and child.





[3]The preservation of a
competency complaint is especially important because Texas Rule of Evidence 601
creates a presumption that a person is competent to testify, and the trial
court has no duty to conduct a preliminary competency examination on its own
motion.  See Tex. R. Evid. 601; McGinn v. State, 961 S.W.2d 161,
165 (Tex. Crim. App.), cert. denied, 525 U.S. 967 (1998).  Once the
competency of a child witness is challenged, the trial court must assure itself
that the child has (1) the ability to intelligently observe the events in
question at the time of the occurrence, (2) the capacity to recollect the
events, and (3) the capacity to narrate the events.  Torres v. State, 33
S.W.3d 252, 255 (Tex. Crim. App. 2000); see Watson v. State, 596 S.W.2d
867, 870 (Tex. Crim. App. [Panel Op.] 1980).